## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DARRYL ANDERSON, et al. ) | |
| Plaintiffs, ) | |
| v. ) | Case Action No.: 1:06-CV-1000-MEF-WC |
| ) | JURY TRIAL DEMANDED |
| PERDUE FARMS INCORPORATED, ) | |
| a Maryland corporation doing business ) | |
| in Alabama, ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Perdue Farms Incorporated ("Perdue"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and Morgan, Lewis & Bockius LLP, hereby answers Plaintiffs' Complaint, in accordance with the numbered paragraphs thereof, as follows:

### Answer to Complaint

### Introduction

1. Except to admit that Plaintiffs purport to bring an action under FLSA § 216(b), Perdue denies the allegations contained in Paragraph 1 of the Complaint and specifically denies that it violated any law.

2. Except to admit that Perdue operates a plant in Dothan, Alabama, Perdue denies the allegations in Paragraph 2 of the Complaint and specifically denies that it violated any law.

3. Perdue avers that the allegations contained in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Perdue denies the allegations contained in Paragraph 3 of the Complaint.

4. Perdue denies the allegations contained in Paragraph 4 of the Complaint.

5. Perdue denies the allegations contained in Paragraph 5 of the Complaint.

### Jurisdiction and Venue

6. Perdue avers that the allegations contained in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Perdue denies the allegations contained in Paragraph 6 of the Complaint.

7. Perdue avers that the allegations contained in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Perdue denies the allegations contained in Paragraph 7 of the Complaint.

### Parties

8. Perdue admits that it is a Maryland corporation and that it maintains its business headquarters in Salisbury, Maryland.

9. Perdue is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint.

10. Perdue denies the allegations contained in Paragraph 10 of the Complaint.

11. Perdue denies the allegations contained in Paragraph 11 of the Complaint.

12. Perdue is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint.

13. Perdue is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint.

14. Perdue is without knowledge or information sufficient to form a belief as to where Plaintiffs are residents and domiciled. Perdue admits that Plaintiffs purport to bring an action under FLSA § 216(b). Perdue denies the remaining allegations contained in Paragraph 14 of the Complaint.

**General Allegations**

15. Perdue denies the allegations contained in Paragraph 15 of the Complaint.

16. Perdue denies the allegations contained in Paragraph 16 of the Complaint.

17. Perdue denies the allegations contained in Paragraph 17 of the Complaint.

18. Perdue admits that it owns and operates a facility in Dothan, Alabama. Perdue denies the remaining allegations in Paragraph 18 of the Complaint.

19. Perdue denies the allegations contained in Paragraph 19 of the Complaint.

20. Perdue denies the allegations contained in Paragraph 20 of the Complaint.

21. Perdue denies the allegations contained in Paragraph 21 of the Complaint.

22. Perdue denies the allegations contained in Paragraph 22 of the Complaint.

23. Perdue denies the allegations contained in Paragraph 23 of the Complaint.

24. Perdue denies the allegations contained in Paragraph 24 of the Complaint.

25. Perdue denies the allegations contained in Paragraph 25 of the Complaint.

**Collective Action Allegations**

26. Perdue admits that Plaintiffs purport to bring an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all similarly situated former employees of Perdue's Dothan facility. Perdue denies the remaining allegations in Paragraph 26 of the Complaint.

27. Perdue admits that Plaintiffs purport to bring an "opt-in" collective action under 29 U.S.C. § 216(b). Perdue denies the remaining allegations in Paragraph 27 of the Complaint.

28. Except to admit that Plaintiffs seek relief on a collective basis alleging violations of the FLSA, Perdue denies the allegations in Paragraph 28 of the Complaint and specifically denies that it violated any law.

29. Perdue denies the allegations contained in Paragraph 29 of the Complaint, and specifically denies that sending out any notice is appropriate or warranted at this time.

30. Perdue denies the allegations contained in Paragraph 30 of the Complaint.

31. Perdue denies the allegations contained in Paragraph 31 of the Complaint, and specifically denies that sending out any notice is appropriate or warranted at this time.

32. Perdue avers that the allegations contained in Paragraph 32 of the Complaint, including all of its sub-parts "a" through "k," constitute conclusions of law to which no response is required. To the extent a response is required, Perdue denies the allegations contained in Paragraph 32 of the Complaint, including all of its sub-parts "a" through "k."

33. Perdue avers that the allegations contained in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Perdue denies the allegations contained in Paragraph 33 of the Complaint.

34. Perdue avers that the allegations contained in Paragraph 34 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Perdue denies the allegations contained in Paragraph 34 of the Complaint.

35. Perdue avers that the allegations contained in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Perdue denies the allegations contained in Paragraph 35 of the Complaint.

36. Perdue avers that the allegations contained in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Perdue denies the allegations contained in Paragraph 36 of the Complaint.

37. Perdue avers that the allegations contained in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Perdue denies the allegations contained in Paragraph 37 of the Complaint.

# COUNT I

## Violation of the Fair Labor Standards Act of 1938

### (Brought Against Defendant by All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)

38. Perdue incorporates by reference its responses to Paragraphs 1 through 37 of the Complaint as set forth above as if fully stated herein.

39. Perdue avers that the allegations contained in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required. Perdue admits that it is aware of the requirements of the FLSA, and compensated and continues to compensate its employees fairly and appropriately.

40. Perdue denies the allegations contained in Paragraph 40 of the Complaint.

41. Perdue denies the allegations contained in Paragraph 41 of the Complaint.

42. Perdue denies the allegations contained in Paragraph 42 of the Complaint.

43. Perdue denies the allegations contained in Paragraph 43 of the Complaint.

44. Perdue denies the allegations contained in Paragraph 44 of the Complaint.

45. Perdue denies the allegations contained in Paragraph 45 of the Complaint.

46. Perdue denies the allegations contained in Paragraph 46 of the Complaint.

47. Perdue avers that the allegations contained in Paragraph 47 of the Complaint constitute conclusions of law to which no response is required. Perdue admits that it is aware of the requirements of the FLSA, and compensated and continues to compensate its employees fairly and appropriately.

48. Perdue avers that the allegations contained in Paragraph 48 of the Complaint constitute conclusions of law to which no response is required. Perdue admits that it is aware of

the requirements of the FLSA, and compensated and continues to compensate its employees fairly and appropriately.

49. Perdue avers that the allegations contained in Paragraph 49 of the Complaint constitute conclusions of law to which no response is required. Perdue admits that it is aware of the requirements of the FLSA, and compensated and continues to compensate its employees fairly and appropriately.

50. Perdue denies the allegations contained in Paragraph 50 of the Complaint and specifically denies that Plaintiffs are entitled to any type of relief or damages of any kind, including the relief requested in Paragraph 50 of the Complaint.

51. Perdue denies the allegations contained in Paragraph 51 of the Complaint.

52. Perdue denies the allegations contained in Paragraph 52 of the Complaint and specifically denies that Plaintiffs are entitled to any type of relief or damages of any kind, including the relief requested in Paragraph 52 of the Complaint.

53. Perdue denies the allegations contained in Paragraph 53 of the Complaint and specifically denies that Plaintiffs are entitled to any type of relief or damages of any kind, including the relief requested in Paragraph 53 of the Complaint.

Perdue denies that Plaintiffs are entitled to any relief, including the remedies described, and the relief requested, in the "WHEREFORE" paragraph of the Complaint.

## Demand for Jury Trial

Perdue admits that Plaintiffs have demanded a jury trial.

## General Denial

Perdue denies each and every allegation of the Complaint not specifically admitted herein.

## Affirmative Defenses

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### Third Affirmative Defense

Perdue at all times acted in good faith and had reasonable grounds for believing that its acts and omissions were not a violation of the FLSA, and therefore, pursuant to 29 U.S.C. §§ 259 and 260, no damages should be awarded.

### Fourth Affirmative Defense

Plaintiffs have failed to exhaust their administrative remedies.

### Fifth Affirmative Defense

Perdue at all times acted in good faith and none of its actions or omissions were a willful violation of the FLSA.

### Reservation of Rights

Perdue reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Perdue respectfully requests that the Complaint in this matter be dismissed in its entirety with prejudice, together with such other and further relief as this Court deems, just, proper, and equitable.

Dated: February 16, 2007

Respectfully submitted,

*/s/Brian Z. Liss*
James J. Kelley (admitted pro hac vice)
D.C. Bar No. 194746
202-739-5095
jkelley@morganlewis.com
Brian Z. Liss (admitted pro hac vice)
D.C. Bar No. 468886
202-739-5579
bliss@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-739-3001 (fax)

Sandra B. Reiss
Alabama Bar No.  ASB-3650-S80S
**Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
205-328-1900
205-328-6000 (fax)
sandra.reiss@odnss.com

*Counsel for Defendant, Perdue Farms Incorporated*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Defendant Perdue Farms Incorporated's Answer and Affirmative Defenses has been electronically filed on this **16th day of February, 2007** using the CM/ECF system which will send a notice of electronic filing as well as the full text of the Consent Motion to Plaintiffs' counsel of record who are confirmed to be individually registered for e-filing and will receive the same electronically from the Court.

*/s/Brian Z. Liss*
Brian Z. Liss (admitted pro hac vice)
D.C. Bar No. 468886
202-739-5579
bliss@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-739-3001 (fax)

*Counsel for Defendant Perdue Farms Incorporated*