IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
DOTHAN DIVISION

| | | |
|---|---|---|
| **DARRYL ANDERSON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | **1:06-cv-01000-MEF-WC** |
| | § | |
| **PERDUE FARMS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs request the entry of an Order permitting them leave to file their First Amended Complaint simply to (1) restyle this action as a proposed collective action under the FLSA; (2) more clearly define the prospective collective class; (3) revise claims based on payroll practice information received from Defendant; (4) change look-back period from three years to two years; and (5) add Richard Celler, who has been admitted *pro hac vice* in this matter, as additional counsel for Plaintiffs.

1.      This action is currently styled as an individual action brought pursuant to the Fair Labor Standards Act ("FLSA").  Since the filing of the

initial Complaint, Plaintiffs' counsel has been retained by additional similarly situated individuals who wish to join this lawsuit.

2.     Plaintiffs bring their Amended Complaint simply to this action not only on behalf of themselves, but others "similarly situated" as provided for by the collective action mechanisms of the FLSA so that Plaintiffs may proceed collectively.  By doing so, Plaintiffs will promote the judicial economy articulated by the FLSA in combining similarly situated claims into one single action as opposed to clogging this Court's docket with numerous individual actions alleging the same facts and legal issues.

3.     Plaintiffs also seek to more clearly define the prospective collective class, revise claims based on payroll practice infomation received from Defendant, change the look-back period from three years to two years, and add Richard Celler as additional counsel for Plaintiffs.

4.     A true and correct copy of the First Amended Complaint is attached as Exhibit "A."

5.     Plaintiffs state that they have not unduly delayed in amending their Complaint and that Defendant will not be prejudiced by virtue of allowance of the amendment.

**WHEREFORE**, Plaintiffs respectfully request that this Court permit Plaintiffs to file their First Amended Complaint (attached as Exhibit A) and that it be deemed filed as of the date of this Court's Order.

## MEMORANDUM OF LAW

Federal Rule 15 requires that "leave [to amend] shall be freely given when justice so requires." In the instant case, justice requires that Plaintiff be permitted to file an Amended Complaint to facilitate the collective action mechanisms of the FLSA. As discovery has not yet commenced, the Court's FLSA Scheduling Order has just been entered, and the proposed amendment promotes judicial efficiency and consolidation of claims, no party will be prejudiced by the filing of the First Amended Complaint.

Accordingly, for these reasons, Plaintiffs request the entry of an Order permitting the filing of the First Amended Complaint and deeming it filed on the date of the Court's Order on this Motion.

Dated:  March 13, 2007

Respectfully submitted,

**THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
**BERNARD D. NOMBERG**
505 North 20th Street, Suite 825
Birmingham, AL  35203
(205) 930-6900 (Phone)
(205) 930-6910 (Fax)

– and –

Samuel A. Cherry, Jr.
Lance H. Swanner
**THE COCHRAN FIRM, P.C.**
163 West Main Street
P. O. Box 927
Dothan, AL 36302
(334) 793-1555 (Phone)
(334) 793-8280 (Fax)

– and –

Richard B Celler
**MORGAN & MORGAN, P.A.**
284 South University Drive
Fort Lauderdale, FL 33324
(954) 318-0268 (Phone)
(954) 333-3515 (Fax)

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2007, I electronically filed Plaintiffs' Motion for Leave to File First Amended Complaint and Incorporated Memorandum of Law with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

Sandra B. Reiss
sandra.reiss@odnss.com

Bernard D. Nomberg
bnomberg@cochranfirm.com

James J. Kelley
jkelley@morganlewis.com

Lance Harrison Swanner
lswanner@cochranfirm.com

Brian Z. Liss
bliss@morganlewis.com

Richard B. Celler
richard@cellerlegal.com
marina@cellerlegal.com

Samuel A. Cherry, Jr.
scherry@cochranfirm.com
samcherry@cochranfirm.com

/s/ Robert J. Camp
**ROBERT J. CAMP**

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## DOTHAN DIVISION

| | | |
|---|---|---|
| **DARRYL ANDERSON,** | § | **CIVIL ACTION NO.** |
| **HORRIS ANDREWS, OLIVIA** | § | **1:06-cv-01000-MEF-WC** |
| **BRACKINS, GUYZARICK** | § | |
| **CARSAR FRAZIER, DEANNA** | § | |
| **JACKSON, HARRY LETT,** | § | |
| **ANGELA M. WILLIAMS,** | § | |
| **SHANETHA R. ADAMS,** | § | |
| **KATINA BINION, NORLINE** | § | |
| **BLACK, GENEVA BYNUM,** | § | |
| **ANTHONY D. DAVIS,** | § | |
| **VELVERLYN ANN GIBSON,** | § | |
| **VETA GRIFFIN, WALTER J.** | § | |
| **HAMILTON, CLARICE** | § | |
| **HICKS, LAQUNDA KEGLER,** | § | |
| **ROY LEE KING, HORACE** | § | |
| **LOVE, BRITANNICA** | § | |
| **MCCOY, CAROLYN L.** | § | |
| **MCCOY, DON MURRY,** | § | |
| **BILLIE JOE NEWBY,** | § | |
| **FELISHA SIMON, HATTIE N.** | § | |
| **SMITH, RANDY SOL JR.,** | § | |
| **MICHELLE TILLER,** | § | |
| **KATRINA WARD, and ANNIE** | § | |
| **J. WOODLEY, on behalf of** | § | |
| **themselves and all others** | § | |
| **similarly situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PERDUE FARMS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## FIRST AMENDED COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant Perdue Farms Incorporated, (collectively "Perdue" or "Defendant"), seek to recover for Perdue's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq*., and hereby state and allege as follows:

## INTRODUCTION

1.     This is a representative action brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all other similarly situated current and former production employees of Perdue at its Dothan facility, located in Houston County, Alabama, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Perdue operates a chicken processing plant in Dothan, Alabama ("Dothan facility").  The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former hourly production employees at this location.

2

3.    In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.    Perdue uniformly denies hourly wages and overtime premium pay to its employees, by requiring them to perform "off the clock" work. Perdue's failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5.    Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay workers for all time worked, including walk time and work performed during break periods, unpaid hourly wage times and unpaid overtime premium wage times.

## JURISDICTION AND VENUE

6.    The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Perdue does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.    Defendant, Perdue Farms, Incorporated, is a Maryland corporation with its principal place of business in Maryland.

9.    Plaintiffs are current and former Perdue employees who work(ed) at the Perdue Dothan facility within the last two years, dating back to October 31, 2004, and can be generally categorized herein as "First Processing" and "Second Processing" employees.

10.    First Processing generally includes those employees who work or have worked in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

11.    Second Processing generally includes those employees who work or have worked in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

4

12.    Plaintiffs listed herein who primarily work or have worked in First Processing include:  Darryl Anderson, Horris Andrews, Olivia Brackins, Guyzarick Carsar Frazier, Deanna Jackson, Harry Lett, and Angela M. Williams.

13.    Plaintiffs listed herein who primarily work or have worked in Second Processing include:  Shanetha R. Adams, Katina Binion, Norline Black, Geneva Bynum, Anthony D. Davis, Velverlyn Ann Gibson, Veta Griffin, Walter J. Hamilton, Clarice Hicks, Laqunda Kegler, Roy Lee King, Horace Love, Britannica McCoy, Carolyn L. McCoy, Don Murry, Billie Joe Newby, Felisha Simon, Hattie N. Smith, Randy Sol Jr., Michelle Tiller, Katrina Ward, and Annie J. Woodley.

14.    Plaintiffs are residents and domiciled in the State of Alabama. Plaintiffs have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See Exhibit A.

## GENERAL ALLEGATIONS

15.    As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility.  Plaintiffs' are required to have their employment status verified and their arrival and departures documented as well as submit to searches of the

5

person and personal possessions.  Plaintiffs aver they are not compensated for the time it takes security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production work.

16.    Each employee has their own time swipe card.  After donning hair nets, beard nets, and ear plugs Plaintiffs walk a considerable distance, "off the clock" to a designated area where they swipe the time clock to start hours worked and then they receive clothing and/or personal protective equipment (PPE) that is required for the work to be performed.  While on the clock, the employees don the equipment, collect work related equipment and walk a short distance to their position on the line where they commence work.

17.    Perdue provides an unpaid 30 minute break.  When Plaintiffs leave the line for unpaid break, they doff required clothing and gear, all except the hair net, beard net, and ear plugs, they clock out and then walk a considerable distance to the break room "off the clock".  The process is repeated and Employees are not allowed to clock back in at the designated area before 30 minutes has passed.

18.    At the end of the day employees doff required clothing and equipment, return tools, and swipe out at the designated area.  They then walk a considerable distance still wearing their hair nets, beard nets, and ear plugs to a designated area where smocks are deposited in a bin.

19.    After depositing their smock in a bin they must walk to and clear security before leaving the premises.

20.    Defendant Perdue owns and operates poultry facilities in Dothan, Alabama.  The unlawful compensation system at issue in the Complaint has affected Defendant's former and present hourly production employees at this location.

21.    Under Perdue's wage compensation system, Perdue paid Plaintiffs and other similarly situated employees only time worked after clocking in at the designated area.  Conversely, as a matter of policy and practice, Perdue does not pay its hourly employees for required pre-production and post-production activities that are necessary and integral to their overall employment responsibilities, such as the time it takes to clear security, donning and doffing of hair nets, beard nets, and ear plugs, cleaning and sanitizing themselves, walking to and from security, and the time spent walking to the designated time clock near the production line and

from the time clock area to the smock bin, after already performing

compensable activities.

22.    During the course of the day, Plaintiffs are provided an unpaid

break requiring them to walk considerable distances after clocking out where

they remove hair nets, beard nets and ear plugs for their break.  The

remaining time allowed for the break is further shortened by the requirement

for the employee to wash and sanitize, don his or her hair nets, beard nets,

and ear plugs and walk a considerable distance back to the time clock are

where they clock back in.  Plaintiffs assert these unpaid breaks are

compensable.  Alternatively if the total unpaid break is not deemed

compensable Plaintiffs allege they are owed compensation for the walk time

ensuing after clocking out for break and occurring before clocking back in

after break, time spent donning and doffing, and the time spent washing

and/or waiting to wash themselves.

23.    The time for which Plaintiffs and other similarly situated

employees are paid is significantly less than the time they spend at work

between the time they begin their integral, essential and indispensable work

duties and the time they arrive at their designated time clock area near the

line.  The work time for which Plaintiffs are not paid includes, but is not

8

limited to: (1) donning and doffing certain required non-unique gear off the clock (2) walking to and from the designated time clock area, security, and break areas; (3) washing activities and (4) unpaid breaks that are otherwise compensable.

24.    The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

25.    The required non-unique gear Plaintiffs must wear, and for which they are not paid for donning and doffing is required by Perdue and/or by government regulation. Plaintiffs' jobs are dangerous and involve serious health and safety risks. The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene.

26.    In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Defendant Perdue's failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated, and has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay, pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs bring Count I, the FLSA claim, as an "opt-in"

collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of

individually named Plaintiffs, Plaintiffs bring this action as representatives

of all similarly situated former employees of the Dothan facility.  The

potential class of "opt-in" employees can be defined as:

> All current and former hourly 1st and 2nd processing employees
> of Defendant, who worked at the Dothan facility since October
> 31, 2004, and who were not paid for all the time spent
> performing compensable work-related tasks or legally
> compensable time, including, but not limited to time spent
> clearing security at the beginning of the day and the
> compensable walk time that ensues thereafter; unpaid breaks
> that are otherwise compensable or alternatively time worked
> while on authorized unpaid break, donning and doffing times,
> washing activity times, time spent walking to and from
> designated time clock areas and time walking to security and
> passing through security at the end of the day.

28.     The FLSA claims may be pursued by those who opt-in to this

case, pursuant to 29 U.S.C. § 216(b).

29.     Plaintiffs, individually and on behalf of other similarly situated

employees, seek relief on a collective basis challenging, among other FLSA

violations, Defendant's practice of failing to accurately record all hours

worked and failing to pay employees for all hours worked, including

overtime compensation.

30.     The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

31.     On information and belief, the Dothan facility employees approximately 500 hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

32.     Potential collective action members may be informed of the pendency of this class action through direct mail.

33.     There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a)  Whether Plaintiffs are compensated for time spent clearing security and time spent walking from security to their designated time clock areas and from time clock areas to security;

b)  Whether the security activities at issue are integral or indispensable to Defendant's business activities;

c) Whether Plaintiffs are compensated for time spent donning and doffing hair nets, beard nets, and ear plugs, and walking to and from their designated time clock areas;

d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

e) Whether Plaintiffs are entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "designated time clock area";

f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

g) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

h) Whether Defendant's compensation policy and practice is illegal;

i) Whether Defendant fails to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

34.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

35.    The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

36.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees.  The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

37.    The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are employees of the same processing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent.  The interests of the members of the class of employees will be fairly and adequately protected by the

13

Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

38.    Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by
All Individually Named Plaintiffs and
on Behalf of All Others Similarly Situated)**

39.    Plaintiffs reassert and incorporate by reference paragraphs 1 through 38 as set forth above as if fully restated herein.

40.    At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

14

41.     The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

42.     Perdue violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

43.     Perdue violated the FLSA by failing to pay for donning and doffing of required non-unique equipment, integral to the principle work activity.

44.     Perdue failed to account for and pay for time walking to and from the designated time clock areas to break areas.

45.     Perdue failed to account for and pay for time spent clearing security and for time walking to and from security to designated time clock areas.

46.     Perdue failed to pay for breaks that are otherwise compensable or alternatively for walk time to and from unpaid meal break areas, time spent donning and doffing on required non-unique equipment, and washing activities associated with meal breaks.

47.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

48.    Perdue was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

49.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to the Plaintiffs.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

50.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the two years preceding the filing of this Complaint.

51.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a)  At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Perdue hourly employees (working at the Perdue, Dothan location in the last two years) of this action and their rights to participate in this action.  Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b)  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant Perdue's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c)  Issue an Order directing and requiring Defendant Perdue to pay Plaintiffs and all other similarly situated employees damages in

17

the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d)  Issue an Order directing and requiring Defendant Perdue to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e)  Issue and Order directing Defendant Perdue to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f)  Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

All Plaintiffs hereby request trial by jury of all issues triable by jury under Alabama and federal law.

Dated: _____          Respectfully submitted,

                                 **THE COCHRAN FIRM, P.C.**

                                 /s/ Robert J. Camp
                                 **ROBERT J. CAMP**
                                 **BERNARD D. NOMBERG**
                                 505 North 20th Street, Suite 825
                                 Birmingham, AL  35203
                                 (205) 930-6900 (Phone)
                                 (205) 930-6910 (Fax)

         – and –

Samuel A. Cherry, Jr.
Lance H. Swanner
**THE COCHRAN FIRM, P.C.**
163 West Main Street
P. O. Box 927
Dothan, AL 36302
(334) 793-1555 (Phone)
(334) 793-8280 (Fax)

         – and –

Richard B Celler
**MORGAN & MORGAN, P.A.**
284 South University Drive
Fort Lauderdale, FL 33324
(954) 318-0268 (Phone)
(954) 333-3515 (Fax)

                                 *Attorneys for Plaintiffs*