IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| DARRYL ANDERSON, et al. )<br>   )<br>      Plaintiffs, )<br>   )<br>v. )<br>   )<br>PERDUE FARMS INCORPORATED, )<br>a Maryland corporation doing business )<br>in Alabama, )<br>   )<br>      Defendant. )  | Case No.: 1:06-CV-1000-MEF-WC<br>JURY TRIAL DEMANDED |

## REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), on March 20, 23 and 28, 2007, Brian Liss for the Defendant Perdue Farms Incorporated ("Perdue") and Robert Camp for the Plaintiffs discussed by telephone and agreed to the following schedule for discovery and trial:

2. Pre-Discovery Disclosures. The parties propose that no later than May 4, 2007, the parties will exchange the information required by Rule 26(a)(1).

3. Discovery Plan. The parties propose the following discovery plan:

   (a) According to Plaintiffs, discovery will be needed on the following subjects: class notice issues; class certification/decertification issues; merit discovery, including (1) "principle activities," (2) required versus optional equipment, (3) time spent donning, doffing, etc., and (4) application of FLSA Section 203(0); expert discovery/time studies; and any other issues that may arise during the course of discovery.

   According to Perdue, discovery will be needed regarding all of the Plaintiffs' individual employment, payroll, timekeeping, work schedules, and donning and doffing practices.

   (b) The parties agree to discuss the most efficient and practical way to handle the disclosure and/or discovery of electronically stored information, prior to any such disclosure and/or discovery. Generally speaking, the parties will produce

electronically stored information in response to written discovery requests and will make original hard copies, to the extent they exist, available upon request.

(c) Plaintiffs propose and Perdue has no opposition to an order regarding claims of privilege or of protection as trial-preparation materials asserted after production, as follows: The production of privileged information will not effect a waiver of the privilege.  If a party has inadvertently produced information in discovery that it claims is privileged or protected as trial preparation material, the party may notify the receiving party of the claim, stating the basis for the assertion.  After receiving notification, the receiving party must return or destroy the information and may not use it or disclose it to third parties until the claim is resolved.  A receiving party that has disclosed or provided the information to a nonparty before getting notice must take reasonable steps to obtain the return of the information.  The producing party must preserve the information pending the courts ruling, if necessary, on whether the information is privileged or protected and whether any privilege or work-product protection has been waived or forfeited by the production.  The parties will address any additional concerns related to privilege as the issue arises.

(d) Plaintiffs propose a multi-phased case management plan.  According to Plaintiffs, the first phase will relate to "conditional certification/court supervised notice" under <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208 (11th Cir. 2001), under which Plaintiffs will request that the Court approve a notice to be sent to potential plaintiffs (with a bar date by which any consent-to-join must be filed).  According to Plaintiffs, under their multi-phased case management plan, Perdue may seek decertification of the proposed plaintiff class once the opt-in period is closed.  Also according to Plaintiffs, if Perdue's opposition is not successful, the Court will then certify the opt-in class.

Perdue contends that it is premature to discuss a schedule for a potential decertification briefing, given that Perdue plans to oppose any motion for conditional certification and/or court supervised notice.  Perdue contends that notice may not issue absent some reasonable likelihood of Plaintiffs' prevailing on the merits.  For that reason, Perdue is prepared to promulgate discovery requests, and issue notices of deposition, without any subject-matter limitation, as soon as this Court enters a Scheduling Order in this case, including during the pre-certification phase of the lawsuit.  Plaintiffs also plan to promulgate discovery requests, without any subject-matter limitation, as soon as this Court enters a Scheduling Order in this case.

(e) Plaintiffs propose that it file a Motion for Notice under <u>Hipp</u> on or before May 15, 2007, that Defendant file its Response with 15 days after service of the Motion, and that Plaintiffs file their reply within 10 days after service of the Response.

>
> Perdue proposes a different schedule. In order to give Perdue the opportunity to conduct the discovery it needs to effectively oppose any motion for conditional certification and/or court supervised notice, Perdue proposes that Plaintiffs file a Motion for Notice no earlier than July 15, 2007. Perdue would file its Response within 30 days after service of the Motion, and Plaintiffs would file their reply within 15 days after service of the Response.
>
> If necessary, Perdue will file any motions related to the status of the Plaintiffs as a group, whether to decertify an opt-in class or sever named plaintiffs not properly joined in one action, on or before July 15, 2008.
>
> (f) Discovery should be commenced in time to be completed by August 1, 2008. The discovery period shall run while any class notice issues are pending and the parties are expected to undertake discovery while those issues are pending, starting as soon as the Court issues it Scheduling Order in this case.
>
> (g) Plaintiffs do not agree to any limits on discovery at this time. Perdue proposes the following limits on discovery:
>
> Perdue proposes a maximum of 30 Interrogatories, 30 Requests for Production, and 30 Requests for Admission by each party to any other party. Unless the parties agree otherwise, responses are due 30 days after service.
>
> Perdue proposes a maximum of 10 depositions by each party to any other party, with the understanding that Perdue will be allowed to take the depositions, if necessary, of any individual Plaintiff and that all such individual Plaintiff depositions will count collectively as one deposition towards the 10 deposition limit. Each deposition will limited to maximum of 7 hours unless extended by agreement of parties or by order of the Court.
>
> (h) Reports from retained experts under Rule 26(a)(2) will be due: from Plaintiff by May 4, 2008; from Defendant by June 4, 2008. All expert depositions shall be completed by the discovery deadline.
>
> (i) Supplementation under Rule 26(e) due 45 days before the discovery deadline.

4. Other items:

> (a) Perdue is prepared to participate in a conference, by telephone, with the Court prior to issuance of the Scheduling Order. Plaintiffs do not feel it necessary to conference with the Court prior to the Court issuing a Scheduling Order. Plaintiffs prefer to raise objections to the Scheduling Order after the order is issued and before the objection deadline set by the Court.
>
> (b) The parties request a pretrial conference in October 2008.
>
> (c) The parties propose that any additional parties, not including opt-in Plaintiffs, be joined or claims amended by March 31, 2008, to allow discovery of

    individual claims. The parties must seek leave of Court to request any additional amendment or joinder after that date.

(d) All potentially dispositive motions should be filed by August 15, 2008, or at least two weeks after the close of discovery.

(e) The parties agree to consider discussing settlement and/or mediation prior to the close of discovery and after the close of discovery.

(f) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due by December 15, 2008.

(g) Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(h) The case should be ready for trial by January 5, 2009, in Dothan, Alabama. At this time, Plaintiffs expect a trial to take approximately three weeks. At this time, Perdue expects a trial to take approximately three to five days.

(i) Regarding the scope of these proceedings, Perdue proposes that the Court bifurcate these proceedings, addressing first Perdue's alleged liability, then any alleged damages suffered by Plaintiffs.

(j) If necessary, the parties shall file a motion with the Court requesting amendment of the Scheduling Order should the parties believe that amendment is necessary. Any request will be made in advance of the expiration of the deadline(s) for which amendment is sought. The parties agree that their case management and discovery plan can be modified only by agreement of the parties or with leave of the Court.

(k) Perdue will not oppose Plaintiffs' Motion for Leave to File First Amended Complaint.

    The parties have agreed that Brian Z. Liss will file this Report of the Parties' Rule 26(f) Planning Meeting.

Dated: March 28, 2007	Respectfully submitted,

*/s/Brian Z. Liss*
James J. Kelley (admitted pro hac vice)
D.C. Bar No. 194746
202-739-5095
jkelley@morganlewis.com
Brian Z. Liss (admitted pro hac vice)
D.C. Bar No. 468886
202-739-5579
bliss@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-739-3001 (fax)

Sandra B. Reiss
Alabama Bar No.  ASB-3650-S80S
**Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
205-328-1900
205-328-6000 (fax)
sandra.reiss@odnss.com

*Counsel for Defendant, Perdue Farms Incorporated*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Report of the Parties' Rule 26(f) Planning Meeting has been electronically filed on this **28th day of March, 2007** using the CM/ECF system which will send a notice of electronic filing to Plaintiffs' counsel of record who are confirmed to be individually registered for e-filing and will receive the same electronically from the Court.

*/s/Brian Z. Liss*
Brian Z. Liss (admitted pro hac vice)
D.C. Bar No. 468886
202-739-5579
bliss@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-739-3001 (fax)

*Counsel for Defendant Perdue Farms Incorporated*