IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL ANDERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO. 1:06-cv-01000-MEF-WC |
| v. ) | |
| ) | |
| PERDUE FARMS , INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiffs' Motion to Quash Notices of Deposition and Stay Discovery Pending the Court's Decision on Plaintiffs' Motion for Court Supervised Notice (Doc. # 55).  Plaintiffs seeks conditional class certification for this action, which alleges that Defendant engaged in illegal pay practices.  Plaintiffs filed a Motion for Court Supervised Notice to Employees of Their Opt-in Rights (Doc. # 49) on November 5, 2007.  Defendant's response to Plaintiff's motion is due on January 14, 2008.

On December 14, 2007, Defendant served upon Plaintiffs via email eight notices of deposition for persons whose declarations are used to support Plaintiffs' motion for notice and conditional class certification.  With these depositions, Defendant seeks to establish that "the Declarations are invalid and should be stricken because they do not meet the requirement that they be based on each Declarant's personal knowledge."  (Doc. # 57, at 3).

The Eleventh Circuit has suggested at two-step process for resolving requests for conditional certification of a collective action:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

This Court has the discretion to deny or stay discovery prior to conditional class certification. *See Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003) (denying Plaintiffs' Motion for Leave to Conduct Limited Discovery for Purposes of Conditional Class Certification). If the Court permits discovery, or if extensive discovery has already been conducted, then the Court should apply a more rigorous standard than the "fairly lenient" one normally applied in the first step of the two-tiered approach. *Davis v. Charoen Pokphand (USA), Inc*., 303 F. Supp. 2d 1272 (M.D. Ala.

2004).

In this case, Defendants sought to take depositions to support their response to Plaintiff's motion for notice and conditional class certification. If the Court does not grant Plaintiffs' motion to stay discovery, and the depositions occur on January 3 and 4, then Plaintiffs could request a delay in the motion briefing schedule to conduct further discovery. Allowing discovery at this stage would effectively move the process to the second stage of the *Hipp* two-tiered approach, in which the Court considers the merits of the Plaintiffs' claims to determine whether a similarly situated group exists. The Court would rather be consistent with the approach suggested in *Hipp* and followed by other Courts in this circuit. Therefore, at this stage, Defendant may only submit affidavits and other evidence to oppose Plaintiff's motion for notice and conditional certification.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Quash Notices of Deposition and Stay Discovery Pending the Court's Decision on Plaintiffs' Motion for Court Supervised Notice (Doc. # 55) is GRANTED.

Done on this the 20th day of December 2007.

          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE