**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| **DARRYL ANDERSON, et al.,** | ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | **Case Action No.:**<br>**1:06-CV-1000-MEF-WC** |
| **PERDUE FARMS INCORPORATED,** | ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) ) ) | |

**DEFENDANT'S MOTION TO LIFT ORDER STAYING DISCOVERY**

Defendant Perdue Farms, Inc. ("Defendant," "Perdue," or "the Company") respectfully moves this Honorable Court to lift the stay of discovery entered by this Court's Order dated December 20, 2007. (Dkt. No. 58.)  In support of this Motion, Perdue shows the Court as follows:

1.      On November 5, 2007, Plaintiffs filed a Motion for an Order Permitting Court-Supervised Notice to Employees, which seeks collective treatment of their FLSA action under the FLSA's opt-in provisions.  (Dkt. No. 49)  As evidence in support of their Motion, Plaintiffs cited thirty-three Declarations filed by a sample of Plaintiffs in this case.  (Dkt. Nos. 49-4, 49-5)

2.      On December 14, 2007, Perdue noticed the depositions of eight Plaintiffs who filed Declarations in support of Plaintiffs' Motion for Court-Supervised Notice.  Perdue proffered that the depositions would confirm that Plaintiffs' Declarations have no evidentiary value because they are conclusory, non-specific to Perdue, are not based on personal information, and do not accurately reflect the working conditions at Perdue's Dothan, Alabama facilities or Perdue's methods of capturing compensable time.

3.      On December 20, 2007, this Court entered an Order, on Plaintiffs' Motion, to Quash the Notices of Deposition and to Stay Discovery Pending the Court's Decision on Plaintiffs' Motion for Court-Supervised Notice.  (Dkt. No. 58)

4.      Concurrent with this filing, Perdue is filing a Memorandum of Law in Opposition to Plaintiffs' Motion for an Order Permitting Court-Supervised Notice to Employees.  Instead of deposing a representative sample of Plaintiffs, Perdue has gathered 19 Declarations from hourly poultry processing employees who work for Perdue in Dothan, Alabama and who have not opted-in to this lawsuit.  Perdue has also submitted Declarations from Perdue's Vice President of Human Resources and Perdue's Internal Audit—Project Lead.

5.      The Declarations Perdue has gathered are based on the Declarants' personal knowledge and describe in the Declarants' own words how Perdue records their time for pay purposes.  These Declarations state that Perdue's hourly poultry processing employees are paid for all hours worked from their first principal activity of the work day until the end of the last principal activity of the work day, except for any time taken for unpaid meal breaks or any bona fide off duty time.  These Declarations also state that Perdue's hourly poultry processing employees are paid for all compensable time, including sanitizing their departmental equipment and before beginning work and donning and doffing such departmental gear as smocks, gloves, and sleeves.

6.      Contrast the Declarations filed by Perdue with Plaintiffs' filings, which are replete with unsubstantiated legal conclusions.  Plaintiffs' Declarations clearly are not in the employees' own words, and are phrased in a conclusory fashion on a preprinted form.  Plaintiffs' Declarations do not state that the employees work for Perdue, do not state what the employees'

jobs are, do not state how the employees swipe in and swipe out, and do not state what the employees don and doff before and after using the time clocks.

7.      Perdue intends to file a Motion for Summary Judgment and accompanying Memorandum of Law seeking dismissal of Plaintiffs' Amended Complaint, but Perdue first would like to conclusively resolve any factual discrepancies between the unsupportable Declarations filed by Plaintiffs, and the Declarations filed by Perdue.  In order to do this, Perdue would like to depose a representative sample of the Plaintiffs who filed Declarations in support of Plaintiffs' Motion for Court-Supervised Notice.  As stated above, Perdue has a legitimate basis to believe that these depositions will show that Plaintiffs' Declarations are invalid and should be stricken because they do not meet the requirement that they be based on each Declarant's personal knowledge.

8.      Perdue's request will not cause a delay in the briefing schedule, and will foster the efficient use of judicial resources.  If the Court grants Perdue's Motion for Summary Judgment, then Plaintiffs' Motion will be rendered moot, because FLSA plaintiffs who cannot withstand summary judgment may not assert a claim under the FLSA on behalf of similarly situated employees. Jastremski v. Safeco Ins. Cos., 243 F. Supp. 2d 743, 745 n. 1 (N.D. Ohio 2003); see also Graffy v. Jewel Foods Stores, No. 83 C 9313, 1985 WL 3352, at *2 (N.D. Ill. Oct. 29, 1985) (denying notice and stating "[s]ince both named plaintiffs' actions are concluded by summary judgment, their class action is too insubstantial to be certified.").

WHEREFORE, premises considered, Perdue requests this Honorable Court grant this Motion and lift the stay of discovery entered by this Court's Order dated December 20, 2007. (Dkt. No. 58.)

Dated: January 14, 2008                    Respectfully submitted,

                                          */s/Brian Z. Liss*_____
                                          James J. Kelley (admitted pro hac vice)
                                          D.C. Bar No. 194746
                                          202-739-5095
                                          jkelley@morganlewis.com
                                          Brian Z. Liss (admitted pro hac vice)
                                          D.C. Bar No. 468886
                                          202-739-5579
                                          bliss@morganlewis.com
                                          **Morgan, Lewis & Bockius LLP**
                                          1111 Pennsylvania Avenue, N.W.
                                          Washington, DC  20004
                                          202-739-3001 (fax)

                                          Sandra B. Reiss
                                          Alabama Bar No.  ASB-3650-S80S
                                          **Ogletree, Deakins, Nash,**
                                          **Smoak & Stewart, P.C.**
                                          One Federal Place, Suite 1000
                                          1819 5th Avenue North
                                          Birmingham, Alabama 35203
                                          205-328-1900
                                          205-328-6000 (fax)
                                          sandra.reiss@odnss.com

                                          *Counsel for Defendant Perdue Farms, Incorporated*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of January 2008, I caused a copy of the foregoing Defendant Perdue Farms Inc.'s Motion to Lift Order Staying Discovery to be served via electronic mail using the CM/ECF system, which will send a notice of electronic filing as well as the full text of the Motion to Lift Order Staying Discovery to Plaintiffs' counsel of record who are confirmed to be individually registered for e-filing and will receive the same electronically from the Court.

*/s/Brian Z. Liss*
Brian Z. Liss (admitted pro hac vice)
D.C. Bar No. 468886
202-739-5579
bliss@morganlewis.com
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-739-3001 (fax)

*Counsel for Defendant, Perdue Farms, Incorporated*