IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL ANDERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:06-cv-1000-MEF |
| ) | |
| PERDUE FARMS INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights (Doc. # 49). The Court has carefully reviewed the evidence and arguments presented by the parties and finds that the Plaintiff's motion is due to be GRANTED.

Plaintiffs are current and former 1st and 2nd processing employees of Defendant's plant in Dothan, Alabama. Plaintiff seek to recover unpaid wages or overtime compensation. Plaintiffs wish to certify their claims as a collection action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b).

The Court may authorize notice to potential class members if the Plaintiffs show a "reasonable basis" for why collective action status is appropriate. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). The plaintiff must show that there are other, "similarly situated" employees who wish to opt-in. *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). This determination is made using a

fairly lenient standard when the Court has minimal evidence, as is the case here. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). To satisfy the "similarly situated" requirement, plaintiffs "need show only that their positions are similar, not identical, to the positions held by the putative class members." *Id.* at 1217.

The Court has reviewed the record before it and finds that there is a reasonable basis to conditionally certify a class of all hourly paid 1st and 2nd processing employees who have worked at Perdue Farms, LLC in Dothan, Alabama since October 31, 2004. There is sufficient evidence that other employees wish to opt-in to this case because Plaintiffs have filed declarations of 33 employees, and more than 200 current or former additional employees have filed notice of consent desiring to join this suit. The declarations submitted by Plaintiffs show that the Plaintiffs and the potential members of the class are interchangeable with respect to their job duties. The declarations submitted by Plaintiffs and Defendant demonstrate that these employees were not compensated for work-related activities including donning and doffing safety and sanitation equipment, such as bump hats, hair nets, safety glasses, badges, ear plugs, stop watches, and work boots. Decl. of Leticia Johnson (Doc. # 59-2, Def. Ex. A, at 1-3); Decl. of Richard Smith (Doc. # 49-4, Pl. Ex. 1, at 2-4).

Defendant makes several arguments for why Plaintiff has failed to meet its evidentiary burden. First, Defendant argues that Plaintiff's declarations "are legally insufficient to be admitted as evidence" because they only differ in the names and

employment dates, and they make "unsubstantiated legal conclusions." (Doc. # 59, at 10-11). Defendant offers no authority to support its implied argument that form declarations are entitled to less evidentiary value then declarations written entirely by the declarant. (*Id.* at 10). Defendant cites *Wombles v. Title Max of Ala. Inc.* for its holding that five nearly identical affidavits to join FLSA class were insufficient to establish that others desired to opt-in. 2005 WL 3312670 at *4-5 (M.D. Ala. Dec. 7, 2005). However, in that case, the five plaintiffs' form notice motion was denied in part because they identified only two other employees who were willing to join. *Id.* at *3. Furthermore, the Court, which applied a stricter standard of proof because it held an evidentiary hearing, concluded that the plaintiffs were not similarly situated either among themselves or with other store managers. *Id.* at *4. Thus, the plaintiffs in that case lost not because of their declarations were nearly identical, but because they failed to satisfy the requirements of showing that other similarly situated employees were willing to opt-in. In this case, the standard is lenient, over 200 persons have filed notices of consent, and there is evidence that many of these employees are similarly situated because they are interchangeable with respect to their job functions and they are subject to the same pay practice of not receiving compensation for putting on and removing various types of safety equipment.

Second, Defendant argues that Plaintiffs' declarations contain unsubstantiated legal conclusions, such as (1) line activities are "necessary, integral, and indispensable" to the declarant's overall activities, (2) "due to walk time, donning, doffing, and wash times

3

the unpaid breaks should be compensable," and (3) other individuals "have been subjected to the illegal pay practices described above." (Doc. # 59, at 11) (quoting Thornton Decl. (Doc. # 59-11, ¶¶ 6, 9)). The first conclusion is obvious because the equipment that declarants had to put on before clocking in was for sanitation reasons, and the declarants' work involved killing, disemboweling, inspecting, cleaning, cutting, weighing, and packing poultry. Therefore, the sanitation equipment was necessary for the processing work. The second conclusion is supported by Plaintiffs' and Defendant's declarations that employees must don and doff safety equipment before clocking in and after clocking out. The third conclusion is supported by the filing of over 200 notices of consent to join. Unlike the plaintiffs in the cases cited by Defendant (*Freeman v. Wal-Mart Stores* and *H & R Block, Ltd. v. Housden*), the Plaintiffs in this case have sufficiently supported their allegations. *See Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) (denying notice motion because Plaintiff did not present sufficient evidence that all salaried Wal-Mart employees below officer-level were similarly situated); *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (denying notice motion because plaintiffs "simply state[d] that they believe other workers were discriminated against in similar ways").

Third, Defendant argues that Plaintiffs' declarations lack evidentiary value because they are not consistent with their uniform interrogatory responses. For example, Defendant argues that Plaintiff Thorton's declarations that she was entitled to overtime

4

for hours worked over forty is inconsistent with the interrogatory response in which she said that she was unable to provide information about the weeks in which she worked over forty hours. (Doc. # 59, at 12). However, these statements are not inconsistent because the interrogatory response said that Plaintiff needed Defendant to produce its payroll records. Plaintiff Cornelia Thorton's Response to Defendant's First Set of Interrogatories (Doc. # 59-13, at 4-5). Also, Defendant argues that Thorton's declaration of how Defendant failed to compensate her for pre- and- post-production line activities is inconsistent with her interrogatory response that she was unable to describe the circumstances when she was required to clock in and clock out at any and all times. (*Id.*). Once again, there is no inconsistency because the interrogatory response objected to the form of the interrogatory and said that Plaintiff needed Defendant to produce its payroll policies.

Finally, Defendant argues that Plaintiff's complaint and declarations "assert alleged facts that have nothing to do with the way Perdue operates its poultry processing plant in Dothan, Alabama." (Doc. # 59, at 13). According to Defendant, "contrary to the baseless assertions in Plaintiffs' pleadings and Declarations, in Perdue's poultry processing plants, there is no 'off the clock' donning and doffing, walking or waiting." (*Id.* at 15). However, the declarations submitted by Plaintiffs and Defendant support Plaintiff's claim that employees are not compensated for work-related activities, including donning and doffing protective equipment, such as bump hats, hair nets, safety glasses,

5

badges, ear plugs, stop watches, and work boots. Decl. of Leticia Johnson (Doc. # 59-2, Def. Ex. A, at 1-3); Decl. of Richard Smith (Doc. # 49-4, Pl. Ex. 1, at 2-4).

Under the lenient standard that is applicable to this stage of the certification process, Plaintiffs has demonstrated that there are other employees of Defendant who wish to opt-in, and that these employees are "similarly situated" to Plaintiffs. Accordingly, it is hereby ORDERED as follows:

(1) Plaintiffs' Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights (Doc. # 49) is GRANTED with respect to all hourly paid 1st and 2nd processing employees who have worked at Perdue Farms, LLC in Dothan, Alabama since October 31, 2004.

(2) The Defendant is ORDERED to furnish Plaintiffs with the names and addresses of all members of the conditionally certified class within 30 days from the date this order is entered.

(3) The parties shall submit a mutually agreeable Notice on or before **March 5, 2008**. If the parties cannot agree, they should submit their separate proposals for the Court's decision.

(4) Defendant's Motion to Lift Order Staying Discovery (Doc. # 60) is GRANTED.

Done on this the 25th day of February, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE