IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRYL ANDERSON, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Action No.: |
| v. ) | 1:06-CV-1000-MEF-WC |
| ) | JURY TRIAL DEMANDED |
| **PERDUE FARMS INCORPORATED,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO STAY ISSUANCE OF COURT-SUPERVISED NOTICE**

Defendant Perdue Farms, Inc. ("Defendant," "Perdue," or "the Company") respectfully moves this Honorable Court to stay the issuance of Court-Supervised Notice to potential opt-in Plaintiffs for thirty days from the date Plaintiffs' depositions are scheduled. Defendant requests this short stay in order to conduct limited discovery, by taking no more than eight depositions of opt-in Plaintiffs, to enable it to file a motion for summary judgment. In support of this Motion, Perdue states as follows:

1.  On February 25, 2008, this Court granted Defendant's Motion to Lift the Order Staying Discovery. The Court also granted Plaintiffs' Motion for an Order Permitting Court Supervised Notice to Employees of their Opt-in Rights. (Dkt No. 60). In compliance with the Court's Order, the parties submitted a mutually agreeable Notice to the Court on March 5, 2008. The Order further requires Defendant to supply names and addresses of affected employees on or before March 26, 2008.

2.  Plaintiffs' Motion for an Order Permitting Court-Supervised Notice attached thirty-three Declarations filed by Plaintiffs in this case. (Dkt. Nos. 49-4, 49-5).

3. Perdue has noticed the depositions of eight of those Declarants. On information and belief, Defendants aver that depositions will confirm that Plaintiffs' Declarations have no substantive evidentiary value to withstand a motion for summary judgment, and do not accurately reflect the working conditions at Perdue's Dothan, Alabama facilities or Perdue's methods of capturing compensable time.

4. Perdue gathered and filed Declarations of several employees in support of its Opposition to Court-Supervised Notice. The Declarations Perdue gathered and used in its Opposition to Plaintiffs' Motion for Court Supervised Notice state that Perdue's hourly poultry processing employees at its Dothan, Alabama facilities are paid for all hours worked from their first principal activity of the work day until the end of the last principal activity of the work day, except for any time taken for unpaid meal breaks or any bona fide off duty time. These Declarations also state that Perdue's Dothan hourly poultry processing employees are paid for all compensable time, including sanitizing their departmental equipment before beginning work and donning and doffing such departmental gear as smocks, gloves, and sleeves.

5. Perdue intends to file a Motion for Summary Judgment and accompanying Memorandum of Law seeking dismissal of Plaintiffs' Amended Complaint, but first would like to conclusively resolve any factual discrepancies between the unsupportable Declarations filed by Plaintiffs, and the Declarations filed by Perdue.

6. Therefore, Perdue has filed notices to depose a representative sample of the Plaintiffs who filed Declarations in support of Plaintiffs' Motion for Court-Supervised Notice. As stated above, Perdue has a legitimate basis to believe that these depositions will show that Plaintiffs' Declarations do not provide any factual basis or evidentiary support to withstand a motion for summary judgment.

7. Perdue has tried in good faith to schedule the depositions in advance of the date by which it must furnish names and addresses of similarly situated first and second processing employees from Perdue's Dothan, Alabama facility to Plaintiffs' counsel.

8. Counsel for Plaintiffs has stated that because of other litigation commitments he is unable to accommodate his schedule or find any replacements to defend the depositions before the date that Defendants must furnish the names and addresses of employees for Notice purposes. As of the filing of this motion, Plaintiffs' Counsel has not provided Defendant with any dates for which he is available for depositions.

9. As this Court is aware, Defendant's valid and successful motion for summary judgment would render the issuance of notice moot because FLSA plaintiffs who cannot withstand summary judgment may not assert a claim under the FLSA on behalf of similarly situated employees. <u>Jastremski v. Safeco Ins. Cos.</u>, 243 F. Supp. 2d 743, 745 n.1 (N.D. Ohio 2003). Delaying issuance of notice until Defendant has had an opportunity to depose Declarants and fully brief its Motion for Summary Judgment would avoid confusion among potential notice recipients and conserve judicial resources should this dispute be resolved on the dispositive motion.

WHEREFORE, Perdue requests this Honorable Court grant this Motion to Stay Issuance of Court-Supervised Notice until thirty (30) days after Defendant has had an opportunity to depose a sample of Declarants in order to permit Perdue to fully brief its Motion for Summary Judgment.

Dated: March 7th, 2008                Respectfully submitted,

                                      */s/ James J. Kelley*
                                      James J. Kelley (admitted pro hac vice)

D.C. Bar No. 194746
202-739-5095
jkelley@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-739-3001 (fax)

Sandra B. Reiss
Alabama Bar No. ASB-3650-S80S
**Ogletree, Deakins, Nash,**
**Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
205-328-1900
205-328-6000 (fax)
sandra.reiss@odnss.com

*Counsel for Defendant Perdue Farms, Incorporated*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of March 2008, I caused a copy of the foregoing Defendant Perdue Farms Inc.'s Motion to Stay Issuance of Court-Supervised Notice Form to be served via electronic mail using the CM/ECF system, which will send a notice of electronic filing to Plaintiffs' counsel of record who are confirmed to be individually registered for e-filing and will receive the same electronically from the Court.

*/s/ James J. Kelley*
James J. Kelley (admitted pro hac vice)
D.C. Bar No. 194746
202-739-5095
jkelley@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-739-3001 (fax)

*Counsel for Defendant, Perdue Farms, Incorporated*