IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,

| | | |
|---|---|---|
| DARRYL ANDERSON, et al., | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 1:06-cv-01000-MEF-WC |
| | § | |
| PERDUE FARMS , INC., | § § | |
| Defendant. | § § § | |

**RESPONSE TO DEFENDANT'S MOTION TO STAY ISSUANCE OF
COURT SUPERVISED NOTICE**

Comes now Plaintiffs and respectfully request that this Court DENY Defendant's Motion to Stay Issuance of Court Supervised Notice. In support of this motion Plaintiffs show the following:

1.  The Defendant doth protest too much, Plaintiffs think. This motion represents Defendant's third attempt to convince the Court that Plaintiffs' declarations used in support of their notice motion lack probative value and Defendant's third attempt to delay, delay, and further delay notice in its entirety. *See* Doc. # 69 at 2 and 3, ¶¶ 3 and 9 respectively, Doc. # 60 at 2, ¶¶ 4 – 7 and Doc. # 57 at 4 – 6 and 8 - 9. All previous attempts of Defendant's have been unsuccessful and the Court should not make an

exception this time.  In fact, the motion before the Court is nearly identical to Defendant's motion to lift stay whereby Defendant requested the Court delay issuing an Order on notice in order that they may conduct the same noticed depositions.  *See* Doc. # 60 generally.

2. Defendant has the audacity to restate its previously rejected position that Perdue hourly employees are paid for <u>all</u> hours worked even though this Court found that Defendant's own declarations in support of its opposition to notice showed employees are not compensated for all work-related activities.  See Doc. # 65 at 5.

3. It is unclear to the undersigned how Defendant could be so obtuse as to not recognize the fact that this Court has addressed the issues raised in its motion, squarely and definitively.

4. In this Court's Memorandum Opinion and Order on notice, the Court rejected Defendant's argument that Plaintiffs' declarations have no substantive evidentiary value. *See* Doc. 67 at 2 – 3 and 5 - 6.  In response to Defendant's allegations that the declarations contain unsubstantiated legal conclusions such as (1) line activities are "necessary, integral, and indispensable" to the declarants' overall activities, 2) "due to walk time, donning, doffing, and wash times the unpaid breaks should be

2

compensable," 3) other individuals have been subject to these illegal pay practices and 4) baseless assertions that off the clock work has occurred such as donning and doffing of protective equipment, the Court commandingly states:

"The first conclusion is <u>obvious</u> because the equipment that declarants had to put on before clocking in was for sanitation reasons…" *Id* at 4.

"The second conclusion is supported by both Plaintiff and <u>Defendant's</u> declarations that employees must don and doff safety equipment *before* clocking in and *after* clocking out." *Id* at 4.

"The third conclusion is supported by the filing of over 200 notices of consent to join." *Id* at 4.

"… the declarations submitted by Plaintiffs and <u>Defendant</u> support Plaintiff's claim that employees are not compensated for work-related activities, including donning and doffing protective equipment…" *Id* at 5.

5.   The Court made these determinations each time relying both on Plaintiffs' and Defendant's declarations.

6.   This being the case, Defendant's stated reason for requesting a delay is futile and thus moot because even if the eight (8) opt–in declarants are deposed, their testimony cannot undue the testimony proffered by

3

Defendant's own declarants and the 30(b)(6) testimony of Defendant's internal wage and hour auditor.  *See* Pltf's Reply, Doc. # 63 at 7, ¶¶15 – 19.  Accordingly, an order granting notice would still be appropriate after the stay is lifted.

7.     As to Defendant's ominous threat of a summary judgment motion and its presumption this litigation will be over soon if Defendant could simply get a short thirty (30) day delay in notice in order to depose declarants and fully brief its summary judgment motion, Plaintiffs assert Defendant's representations to this Court are irrational.  Surely Defendant does not expect this Court to believe that in the course of thirty (30) days all issues will be addressed, briefed and finalized related to Defendant's summary judgment motion, Plaintiffs' inevitable Rule 56(f) motion requesting the Court postpone entering an order on summary judgment so Plaintiffs can engage in necessary discovery, opt-in class and representative discovery, depositions of named plaintiffs, 30(b)(6) depositions, expert testimony and depositions of corporate and plant management, etc?

8.     Defendant wants a "gold star" exclaiming in "good faith" it attempted to schedule depositions in advance of the deadline to furnish names so this motion would not be necessary.  Hardly the case, the fact of the matter is

Plaintiffs received Defendant's deposition notices March 4, 2008 via U.S. mail and email just nine business days prior to the requested deposition dates.  This is hardly reasonable time to respond and prepare for eight depositions.  Federal Rules of Civil Procedure, Rule 30(b)(1).

9. Furthermore, on December 12, 2007 Plaintiffs served on Defendant written discovery requests for all Named Plaintiffs.  Although Defendant's responses are due March 18, 2008, Defendant's first proposed date to conduct depositions, Defendant has informed Plaintiffs they will not be able to respond until April 4, 2008.  Defendant comes to this Court condemning Plaintiffs for not accommodating their unreasonable deposition schedule while delaying itself in providing discovery responses which Plaintiffs need to prepare for depositions.

10. In deciding whether to grant a stay, the Court "must weigh competing interests and maintain an even balance," and if there is even a fair possibility that the stay for which he prays will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward". *Landis v. North American Co.* 299 U.S. 248, 254-55 (1936).

11.  Here it is reasonable to expect that this stay will work damage to someone, namely putative class members who's statute of limitations will continue to run during the requested stay.  As a result, putative class members will lose their right to join this litigation or at best suffer a reduction in the amount of back pay they can collect.  Furthermore, Plaintiffs bear the cost of notice so any risk of loss is born by Plaintiffs should this Court grant Defendant's motion for summary judgment after notice has been issued.  On the other hand, Defendant has not offered a single hardship or inequity it may suffer if notice is issued thus it has failed to make out a clear case of hardship or inequity in being required to go forward as previously ordered.

12.  Defendant's Motion to Stay is simply another ploy to circumvent the *Hipp* Standard endorsed by this Court.  Nothing is to be gained by the requested stay and the delay would simply encourage future defendants to utilize Perdue's tactics in an attempt to posture and postpone notice in order to adversely affect the pool of potential opt-ins.  Despite this Court's unambiguous and resounding Order on notice, Defendant is now trying to prematurely move this action to the second stage analysis under *Hipp,* without actually having issued notice.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny Defendant's motion to stay and order Defendant furnish Plaintiffs with the names and addresses of all members of the conditionally certified class by March 26, 2008.

Dated: March 18, 2008                    Respectfully submitted,

**THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
505 North 20th Street, Suite 825
Birmingham, AL  35203
(205) 244-1115 (Phone)
(205) 244-1171 (Fax)

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I electronically filed Plaintiffs' Reply with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

| | |
|---|---|
| Sandra B. Reiss<br>sandra.reiss@odnss.com | Lance Harrison Swanner<br>lswanner@cochranfirm.com |
| James J. Kelley<br>jkelley@morganlewis.com | Bernard D. Nomberg<br>bnomberg@cochranfirm.com |
| | Samuel A. Cherry, Jr.<br>scherry@cochranfirm.com |

/s/ Robert J. Camp
**ROBERT J. CAMP**