IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL ANDERSON, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 1:06-CV-1000-MEF-WC |
| ) | |
| v. ) | |
| ) | |
| PERDUE FARMS INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Perdue Farms, Inc. ("Defendant," "Perdue," or "the Company") moves this Court for Summary Judgment dismissing all named and opt-in plaintiffs' claims in this action on the ground that the Defendant lawfully pays Plaintiffs for all compensable time.

Perdue is entitled to summary judgment because the donning and doffing of such items as Plaintiffs' earplugs, hair nets, beard nets, and boots are preliminary and postliminary to Plaintiffs' principal work activities and are therefore not compensable in accordance with the Portal-to-Portal Act. Similarly, despite Plaintiffs' allegations in their Amended Complaint, they are not entitled to compensation for their walking during breaks, waiting times to swipe in, or minimal time to clear security. Alternatively, the time Plaintiffs spend on the foregoing activities is *de minimis* and not entitled to compensation.

Pursuant to a Consent Judgment with the Department of Labor, Perdue representatives worked together with the DOL to develop ground-breaking donning and doffing procedures and time recording practices that are compliant with the FLSA. As a result, Perdue's poultry processing employees are paid for all hours worked from their first principal activity of the work day until the end of the last principal activity of the work day, except for any time taken for their

unpaid meal breaks or any bona fide off duty time. The record is undisputed that Plaintiffs are paid for all compensable time, including donning and sanitizing their departmental equipment before beginning work and doffing departmental gear, such as employee smocks, after completing work.

Plaintiffs' claims are based on misstatements of the law, and facts that simply do not apply to Perdue. Their claims are completely unfounded and must be dismissed. For the reasons set forth in the accompanying Memorandum in Support of Defendant's Motion for Summary Judgment, Defendant's Motion should be granted in its entirety.

Respectfully submitted,

/s/ Lexer I. Quamie
James J. Kelley
(D.C. Bar No. 194746)*
202-739-5095
jkelley@morganlewis.com
Lexer I. Quamie
(D.C. Bar No. 502908)*
202-739-5955
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
202-739-3001 (fax)

Sandra B. Reiss
Alabama Bar No. ASB-3650-S80S
**Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
205-328-1900
205-328-6000 (fax)
sandra.reiss@odnss.com

*Counsel for Defendant, Perdue Farms Incorporated*

* *James J. Kelley and Lexer Quamie have been admitted to this Court pro hac vice.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of May 2008, I caused a copy of the foregoing Defendant Perdue Farms Incorporated's Motion for Summary Judgment to be served via electronic mail and first class U.S. mail upon:

>Robert J. Camp
>505 North 20th Street, Suite 825
>Birmingham, AL 35203
>(205) 930-6900 (Phone)
>(205) 930-6910 (Fax)
>rcamp@cochranfirm.com

>*/s/ Lexer I. Quamie*
>Lexer I. Quamie (admitted pro hac vice)
>D.C. Bar No. 502908
>202-739-5955
>lquamie@morganlewis.com
>Morgan, Lewis & Bockius LLP
>1111 Pennsylvania Avenue, N.W.
>Washington, DC  20004
>202-739-3001 (fax)
>
>*Counsel for Defendant, Perdue Farms Incorporated*