IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL ANDERSON, et al. | ) |
| Plaintiffs, | ) ) ) |
| | ) Case No.: 1:06-CV-1000-MEF-WC |
| v. | ) ) ) |
| PERDUE FARMS INCORPORATED, | ) ) |
| Defendant. | ) ) |

**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER FOR DISCLOSURE OF CONFIDENTIAL MATERIAL**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this action request the Court to approve and order the parties' proposed Protective Order attached hereto. The entry of the proposed stipulated Protective Order will facilitate discovery in this case and protect any personal, confidential and proprietary information that is produced.

The parties agree to the terms of the proposed Protective Order and agree that it is in the best interest of all concerned.

For these reasons, the parties request the Court approve the parties' proposed Protective Order.

Date:  June 23, 3008

Respectfully submitted,

| | |
|---|---|
| ____/s/_____ <br> Robert J. Camp <br> 505 North 20th Street, Suite 825 <br> Birmingham, AL 35203 <br> (205) 930-6900 (phone) <br> (205) 930-6910 (fax) <br> rcamp@cochranfirm.com <br><br> *Counsel for Plaintiffs* | _____/s/_____ <br> James J. Kelley <br> (D.C. Bar No. 194746)* <br> (202) 739-5095 <br> jkelley@morganlewis.com <br> Lexer I. Quamie <br> (D.C. Bar No. 502908)* <br> (202) 739-5955 <br> Morgan, Lewis & Bockius LLP <br> 1111 Pennsylvania Avenue, NW <br> Washington, D.C.  20004 <br> (202) 739-3001 (fax) <br><br> Sandra B. Reiss <br> Alabama Bar No.  ASB-3650-S80S <br> Ogletree, Deakins, Nash, <br> Smoak & Stewart, P.C. <br> One Federal Place, Suite 1000 <br> 1819 5th Avenue North <br> Birmingham, Alabama 35203 <br> (205) 328-1900 (phone) <br> (205) 328-6000 (fax) <br> sandra.reiss@odnss.com <br><br> *Counsel for Defendant, Perdue Farms Incorporated* |

* *James J. Kelley and Lexer Quamie have been admitted to this Court pro hac vice.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DARRYL ANDERSON, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 1:06-CV-1000-MEF-WC |
| ) | |
| v. ) | |
| ) | |
| PERDUE FARMS INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown and by agreement of all parties, it is hereby ORDERED:

1. The purpose of this Protective Order is to protect from general disclosure information which is ordinarily and customarily regarded as confidential and/or proprietary by the parties. The distribution of all material covered by this Protective Order shall be the responsibility of the attorneys of record, and no copies of any protected information shall be made, furnished, or disclosed to any other person, firm, or corporation except as provided herein.

2. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery shall be subject to this Order concerning confidential information, as set forth below:

The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential research,

I-WA/2986332.1

development, operational, or commercial information. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

    (a)    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they describe a document which has been designated as "CONFIDENTIAL," as described above.

    (b)    Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 3 below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

3.    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances to:

    (a)    the Court and its officers;

    (b)    counsel representing the parties in this litigation, including counsel or any other legal staff personnel who are employed by a party and are participating in litigation on behalf of a party;

    (c)    counsel of record in this litigation and personnel of counsels' respective law firms, including but not limited to other counsel, paralegals, legal assistants, litigation support services, other employees, and outside copy services utilized by each firm;

    (d)    expert consultants and expert witnesses including without limitation accountants, analysts, consultants, or engineers and employees or assistants under the control of any of the foregoing, who are engaged by counsel for the purpose of this litigation. Any party so

retaining such a consultant or expert shall have such consultant or expert exclude an agreement to not disclose confidential material pursuant to this Order:

    (e)    actual witnesses or deponents;

    (f)    persons regarding whom the confidential material pertains;

    (g)    persons who in good faith a party believes authored the confidential material or already have knowledge of its contents; or

    (h)    court reporters, videographers, and interpreters engaged in this litigation.

such other persons as may be specifically designated by the Court or as required by law.

4. Upon the production of confidential information or documents, counsel for the receiving party shall undertake sufficient measures and safeguards to protect the security of said records within his or her possession and shall not show or reveal its contents to associates, other employees, witnesses, or anyone else who is not involved in this case.

5. Confidential records shall not be photocopied, scanned, taped or filmed by anyone other than the parties identified in paragraph 2 above and their respective legal staff (and/or third party copy vendors who agree to abide by the terms of this Protective Order), and the records shall not be distributed outside the custody and control of the parties identified in paragraph 3 above. Whenever confidential records have been disclosed to those parties identified in paragraph 3 above, counsel shall provide the recipient with a copy of this Protective Order and shall explain the contents thereof to sufficiently familiarize that person or persons of the confidential nature of the information and the scope of this Protective Order and shall secure that person's agreement to protect the confidentiality of the information and documents and to abide by the terms of this Protective Order.

6. Confidential information and documents subject to this Protective Order should not be filed with the Clerk of the Court except when required in connection with motions under the Federal Rules of Civil Procedure or other matters pending before the Court. Any such protected documents filed with the Court shall be filed in sealed envelopes along with a Motion to Seal.

7. Subject to the provisions of this Protective Order, a deponent during a deposition may be shown, and examined about, confidential records. To the extent necessary, confidential information within the deposition transcript may be designated as confidential and safe guarded by placing the protected testimony under seal and/or by undertaking other measures to protect the confidential information, any exhibits which contain confidential information may remain under the care and custody of counsel.

8. In the event counsel for any other party seeks to introduce confidential records during the trial of this case, counsel will inform the Court of this intent, and the Court will review the document's confidentiality and make arrangements for the document's confidentiality to be protected. Any such document utilized as exhibits at trial, whether admitted into evidence, will be impounded by order of this Court to be returned immediately following final judgment as provided herein.

9. Upon the conclusion of this litigation by an Order which has become final due to the expiration of time for appeal or rehearing or due to the denial of rehearing, or in the event that the parties settle their dispute, all confidential and protected documents covered by the protective order, including all copies of such documents, summaries of such documents, documents containing extracts from such documents, or documents taking information for such protective documents shall be within thirty (30) days after the conclusion of this action either (1)

destroyed by counsel and or their legal staff with written verification being provided to the originating party's counsel as to the destruction of said records or (2) returned to the originating party's counsel. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

10. Should the receiving counsel disagree with the designation of Confidential, they shall notify counsel proposing the designation of their objection and attempt to resolve such disputed with opposing counsel. Counsel for the party receiving the documents may within twenty (20) days of receipt of any protected information or document apply by motion to the Court for a ruling that such document (or category of documents) is not entitled to such status and protection. Counsel for the party proposing the designation shall be given notice of the application and an opportunity to respond.

11. Nothing in this Protective Order is intended to prevent either party from objecting to discovery requests or the admissibility of any document, material information, or information at any trial or hearing. Nothing in this Protective Order is intended to prohibit any party from requesting to place a document, in part, or in its entirety, under seal during a court hearing or trial for good cause shown. Nothing in this Protective Order is intended to prohibit any party from objecting to such request to place a document, in part or in its entirety, under seal during a court hearing or trial. Any request for confidentiality, closure, or sealing of any hearing or trial or any documents introduced at such hearing or trial must be made to the judge then presiding.

12. Nothing in this Protective Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing

party, it shall promptly return all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

This Court shall retain jurisdiction to enforce the provisions of this Order and to make such amendments, modifications, and additions to this Order as the Court may deem appropriate upon notice to the parties and good cause shown.

AGREED AND STIPULATED TO:

_____
Robert J. Camp
The Cochran Firm
505 North 20th Street, Suite 825
Birmingham, AL 35203
(205) 930-6900 (phone)
(205) 930-6910 (fax)
rcamp@cochranfirm.com

*Counsel for Plaintiffs*

_____
James J. Kelley
(D.C. Bar No. 194746)*
(202) 739-5095
jkelley@morganlewis.com
Lexer I. Quamie
(D.C. Bar No. 502908)*
(202) 739-5955
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 739-3001 (fax)

Sandra B. Reiss
Alabama Bar No. ASB-3650-S80S
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
(205) 328-1900 (phone)
(205) 328-6000 (fax)
sandra.reiss@odnss.com

*Counsel for Defendant, Perdue Farms Incorporated*

* *James J. Kelley and Lexer Quamie have been admitted to this Court pro hac vice.*

DONE this _____ day of _____, 2008.

_____
CHIEF UNITED STATES DISTRICT JUDGE