IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DARRYL ANDERSON, et al., § § § Plaintiffs, § § § v. § § PERDUE FARMS, INC. § § Defendant. § § | Civil Action No.: 1:06-cv-1000-MEF-WC JURY TRIAL DEMANDED |

## MOTION TO RESPOND TO DEFENDANT'S REPLY BRIEF

When new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated, a problem arises with respect to Federal Rule of Civil Procedure 56(c). *See Seay v. TVA*, 339 F.3d 454 (6th Cir. 2003). Rule 56(c) requires that an adverse party receive ten days notice before a district court may enter summary judgment. Fed. R. Civ. P. 56(c); *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995). The purpose of Rule 56(c) is to afford the nonmoving party notice and a reasonable opportunity to respond to the moving party's summary judgment motion and supporting evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (holding that summary judgment is to be entered only if the nonmovant is on notice that it must come forward with all of its evidence). It is only logical that the purposes of notice and opportunity to respond extend Rule 56(c) to the situation where the moving party submits in a reply brief new reasons and evidence in support of its motion for summary judgment, and require a district court to allow the nonmoving party an opportunity to respond. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1163-65 (10th Cir. 1998) (citing *Cia. Petrolera Caribe, Inc. v. Arco*

*Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985)). Normally, a party may not raise new grounds for granting its motion in a reply. Where a party raises new grounds in its reply, the Court may either strike the new grounds or permit the non-moving party additional time to respond to the new argument. *International Telecomms. Exch. Corp. v. MCI Telecomms. Corp.*, 892 F. Supp. 1520 (N.D. Ga. 1995); *McIntyre v. Eckard Corp.*, 2007 WL 781337 *7 (N.D. Ga. 2007); *Davis v. Brunswick Corp.* 854 F.Supp 1574, 1585 n.5 (N.D. Ga. 1993)  In this case the Plaintiffs are only asking for the latter, additional time to respond to the new argument.

In Perdue's Reply in Support of its Motion for Summary Judgment Perdue submitted new evidence, the declaration of Brent Byrd. The declaration goes into detail about the sanitizing of the boots by an employee in 1st processing. The Defendant also argues new reasons in support of its reply. This time around Perdue's counsel does not rely as heavily on the Portal-to-Portal Act, but that the actual duties performed by the employees are not "work" under the FLSA. Unlike the first motion the Defendant actually goes into detail about passing through security and sanitizing boots in its reply brief. For these reasons the Plaintiffs must be afforded an opportunity to respond to the reply under Rule 56(c).

Dated:  June 27, 2008                         Respectfully submitted,

                                              **THE COCHRAN FIRM, P.C.**

                                              /s/ Robert J. Camp
                                              **ROBERT J. CAMP**
                                              505 North 20th Street, Suite 825
                                              Birmingham, AL  35203
                                              (205) 244-1115 (Phone)
                                              (205) 244-1171 (Fax)

                                              *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2008, I electronically filed Plaintiffs' Motion with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

| | |
|---|---|
| Sandra B. Reiss<br>sandra.reiss@odnss.com | Lance Harrison Swanner<br>lswanner@cochranfirm.com |
| James J. Kelley<br>jkelley@morganlewis.com | Bernard D. Nomberg<br>bnomberg@cochranfirm.com |
| Lexer I. Quamie<br>lquamie@morganlewis.com | Samuel A. Cherry, Jr.<br>scherry@cochranfirm.com |

/s/ Robert J. Camp
**ROBERT J. CAMP**