IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL ANDERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Action No.: |
| v. ) | 1:06-CV-1000-MEF-WC |
| ) | JURY TRIAL DEMANDED |
| PERDUE FARMS INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO FILE A SURREPLY BRIEF**

Plaintiffs have produced no valid reason to file a Surreply to Perdue Farms, Inc.'s ("Defendant" or "Perdue") Reply Brief. Moreover, Plaintiffs' Motion is effectively mooted by Plaintiffs' Cross-Motion for Partial Summary Judgment which posits the same arguments and evidentiary issues which they seek to address in their proposed surreply. There is no basis in the federal rules to provide Plaintiffs yet another opportunity to cobble together arguments why the Defendant's Motion for Summary should not be granted. Leave should be denied and Defendant's Motion for Summary Judgment should be granted.

**I.   INTRODUCTION**

Plaintiffs' request for a Surreply should be denied on three grounds. First, Plaintiffs contend that Defendant has argued new reasons in support of its reply brief, when in fact, Defendant raised the same arguments in its initial brief filed with the Motion for Summary Judgment. Second, Plaintiffs contend, incorrectly, that Defendant raised the factual questions regarding the sanitizing of employees' boots and passing through security, for the first time in its Reply Brief. In fact, Defendant's Memorandum in Support of its Motion for Summary Judgment

thoroughly addressed Plaintiffs' frivolous allegations in the Amended Complaint pertaining to security (See Def.'s Mem. in Support of Mot. for Summ. J. at 28) and it was not the Defendant who raised the Plaintiffs, not the Defendant, who raised the issue of sanitizing boots for the first time in their Memorandum in Opposition, to which Defendant responded in its Reply Brief. Third, as summarized above, Plaintiffs have filed an intervening Cross-Motion for Partial Summary Judgment to which Defendant will respond in accordance with the Court's Order.

## II.   ARGUMENT

Defendant has not raised new arguments in its Reply Brief that warrant further response by Plaintiffs. Specifically, Plaintiffs state that Defendant does not "rely as heavily on the Portal-to-Portal Act" but that "actual duties performed by the employees are not 'work' under the FLSA". (Pls.' Mot to Respond to Def.'s Reply Br. at 1). Actually, Defendant raised both issues in its Motion for Summary Judgment and Memorandum in Support. (See Def.'s Mem. in Support of Mot. for Summ. J. at 22 and 25–26). Moreover, the issue of compensability under the Portal-to-Portal Act and whether donning and doffing non-unique personal equipment constitutes "work" are intertwined and draw from the same line of cases cited by Defendant in its Memorandum. Plaintiffs' attempt to have a second bite at this apple should be denied.

Similarly, Plaintiffs contend they should be able to respond to Defendant's description of sanitizing boots. No surreply is necessary, nor should one be permitted, because it is Plaintiffs, not Defendant who raised the issue of sanitizing boots for the first time in their Response Brief. (See Pls.' Resp. Br. at 38–39). Plaintiffs do not mention sanitizing their boots in their Amended Complaint but refer to it in their Response brief and Declarations in support. Defendant was entitled to respond and clarify the issue raised by Plaintiffs. The purpose of a reply brief is to respond to arguments in plaintiffs' response. Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 998 F. Supp. 447, 458 (D.N.J. 1998) (stating the purpose of a reply brief is to respond to the

2

opposition brief or explain a position that the respondent has refuted). Defendant has done just that by describing for this Court how and when Plaintiffs sanitize their boots and by submitting a Declaration in support. This explanation does not create a disputed issue of material fact and does not merit a surreply to Defendant's Reply Brief.

The same is true with respect to Plaintiffs' claim that Defendant raised "new reasons" and detail about "passing through security" in its Reply. In fact, Defendant thoroughly addressed its position on Plaintiffs' security allegations in its initial Memorandum (Def.'s Mem. in Support of Mot. for Summ. J. at 28). Neither allegation pertaining to "new" factual detail warrants any further reply.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (Dkt No. 100) should be denied.

Dated: June 27, 2008

*/s/ Lexer I. Quamie*

James J. Kelley (D.C. Bar No. 194746)*
202-739-5095
jkelley@morganlewis.com
Lexer I. Quamie (D.C. Bar No. 502908)*
202-739-5955
lquamie@morganlewis.com
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
202-739-3001 (fax)

Sandra B. Reiss (Alabama Bar No. ASB-3650-S80S)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North

Birmingham, Alabama 35203
205-328-1900
205-328-6000 (fax)
sandra.reiss@odnss.com

*Counsel for Defendant, Perdue Farms Incorporated*

\* *James J. Kelley and Lexer Quamie have been admitted to this Court pro hac vice.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of June 2008, I caused a copy of the foregoing Defendant's Opposition to Plaintiffs' Motion to File a Surreply Brief to be served via electronic mail upon:

>Robert J. Camp
>rcamp@cochranfirm.com
>
>Lance Harrison Swanner
>lswanner@cochranfirm.com
>
>Richard Bernard Celler
>richard@cellerlegal.com
>
>Samuel Alex Cherry, Jr.
>scherry@cochranfirm.com
>
>Bernard Dobbie Nomberg
>bnomberg@cochranfirm.com

>*/s/ Lexer I. Quamie*
>Lexer I. Quamie (admitted pro hac vice)
>D.C. Bar No. 502908
>202-739-5955
>lquamie@morganlewis.com
>Morgan, Lewis & Bockius LLP
>1111 Pennsylvania Avenue, N.W.
>Washington, DC  20004
>202-739-3001 (fax)
>
>*Counsel for Defendant, Perdue Farms Incorporated*

1-WA/2998813.1