IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,

| | | |
|---|---|---|
| DARRYL ANDERSON, et al., | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § § | 1:06-cv-01000-MEF-WC |
| PERDUE FARMS , INC., | § § | |
| Defendant. | § § § | |

**BRIEF AND MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFFS' MOTION TO SEAL (Doc. #93)</u>**

Plaintiffs move this Court to seal certain evidentiary exhibits submitted in support of their Motion for Partial Summary Judgment (Doc. # 91). In support of this motion, Plaintiffs show the following:

1.      Through negotiations with Defendant to obtain documents requested by Plaintiffs, Plaintiffs, at the request of Defendant, agreed to a proposed protective order on June 18, 2008.

2.      Defendant was to file the Joint Motion for Protective Order the evening of June 18, 2008.

3.      In order to comply with the previously agreed upon terms of confidentiality, Plaintiffs electronically filed their Cross-Motion for Partial

Summary Judgment on June 23, 2008 with certain evidentiary submissions noted as "omitted to be filed under seal." Plaintiffs served on the Court as part of its evidentiary submission, all documents omitted on the E-filing system. Defendant subsequently filed the Joint Motion for Protective Order on June 23, 2008 and the Court granted said motion the same day.

4.　　Under the terms of the Protective Order, all documents marked by Defendant as "Confidential" shall be filed with the Court in a sealed envelope accompanied by a Motion to Seal. The Clerk of the Court advised Plaintiffs to file the Motion to Seal electronically and submit the documents to be sealed with Plaintiffs' evidentiary submission which would be served on the Court due to its length exceeding 25 pages. Plaintiffs complied with the terms of the Court and the Protective Order. *See* Doc. # 90 at ¶ 6.

5.　　Historically, courts have recognized the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n. 7 (1978); *In Re Copley Press, Inc.,* 518 F.3d 1022, 2008 WL 564976 (9th Cir., March 4, 2008). However, this right is not absolute and does not apply to "documents which have traditionally been kept secret for important policy

reasons." *Id*. (citing Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir.1989)).

6.   Under Rule 26(c), FED.R.CIV.P., the district court, for good cause shown, "may make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following: ... (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be reveled only in a designated way...." Fed.R.Civ.P. 26(c). Bankers Trust, 78 F.3d at 227. To meet this burden, courts traditionally require that the party wishing to have confidential information in the court record kept under seal show that disclosure of the information will result in some sort of serious competitive or financial harm. *See, e.g.,* Waelde v. Merck, Sharp & Dohme, 94 F.R.D. 27, 28 (E.D.Mich.1981) ("The movant must make a 'particularized showing that the information sought is confidential' and come forth with 'specific examples' of competitive harm."); Deford v. Schmid Products Company, 120 F.R.D. 648, 653 (D.Md.1987) ("Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations *746* of

3

fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm.").

7. The Eleventh Circuit has held that the district courts may issue umbrella protective orders to expedite the flow of discovery material and to protect the confidentiality of documents. *See* *McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir .1989); *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir.1987). For purposes of discovery and preventing the parties from litigating the issue of confidentiality as to each document, the parties' stipulation serves a useful purpose. *Id.*

8. Here, like in *McCarthy,* the parties have agreed to a protective order in order to expedite the exchange of discovery. Plaintiffs do not make the request to Seal documents in order to protect their own trade secrets or other confidential research, development, or commercial information, or in order to prevent their own financial or competitive harm, but instead Plaintiffs make their request to ensure compliance with the Protective Order entered June 23, 2008. As it is Defendant's responsibility to mark items as confidential, Plaintiffs infer items designated as such meet the requirements of Rule 26(c) although Plaintiffs reserve the right to challenge such designations.

9.   Defendant does not oppose Plaintiffs' Motion to Seal.

WHEREFORE, for these reasons, Plaintiffs request the entry of an Order Sealing the documents referenced in Plaintiffs' Motion to Seal (Doc. # 93).

Dated:  July 1, 2008                              Respectfully submitted,

**THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
505 North 20th Street, Suite 825
Birmingham, AL  35203
(205) 244-1115 (Phone)
(205) 244-1171 (Fax)

***Attorney for Plaintiffs***

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2008 I electronically filed Plaintiffs' Motion with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

| | |
|---|---|
| Sandra B. Reiss<br>sandra.reiss@odnss.com | Lance Harrison Swanner<br>lswanner@cochranfirm.com |
| James J. Kelley<br>jkelley@morganlewis.com | Bernard D. Nomberg<br>bnomberg@cochranfirm.com |
| Brian Z. Liss<br>bliss@morganlewis.com | Samuel A. Cherry, Jr.<br>scherry@cochranfirm.com |

/s/ Robert J. Camp
**ROBERT J. CAMP**