IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRYL ANDERSON, et al.,**   Plaintiffs,   v.   **PERDUE FARMS INCORPORATED,**   Defendant. | Case Action No.:   1:06-CV-1000-MEF-WC   JURY TRIAL DEMANDED |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant Perdue Farms Incorporated, ("Defendant" or "Perdue") files this Response in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment.

### I. INTRODUCTION

Plaintiffs have asked this Court to hold that the donning and doffing of Plaintiffs' general personal protective equipment is "integral and indispensable" and therefore compensable under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. It does not follow that simply because Perdue and governmental agencies require poultry processing employees to wear certain items that the time spent donning or doffing this equipment is compensable. The precedents that control this case, including the guidelines issued by the Department of Labor illustrate that the law holds otherwise, and Plaintiffs' Cross-Motion for Partial Summary Judgment should be denied.

DB1/61954374.1

II. **DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS**

1. The Plaintiffs in this collective action are employed by the Defendant, Perdue Farms to safely produce uncontaminated poultry.

    **Response**: Admit.

2. Perdue requires the employees in this action to don, doff and sanitize certain sanitary and protective equipment ("PPE") including, apron, smocks, gloves, boots, earplugs, hair net, beard nets, bump caps and safety glasses.

    **Response**: Admit with clarification. Plaintiffs are required to have in their possession, personal items—bump caps, hair and/or beard nets, ear plugs, and slip-resistant footwear—prior to clocking in. (Def.'s Mem. in Support of its Mot. for Summ. J., Stmt Facts ¶ 20). Pursuant to Perdue's Good Manufacturing Practices Policy, 1st and 2nd Processing employees must wear clean clothes and use clean personal protective equipment at the beginning of their shift. After the employees clock in, they sanitize their aprons, smocks, and gloves and don department-specific work gear while on the clock. (Def.'s Stmt Facts ¶ 27).

3. Perdue pays its employees while they don, doff and sanitize certain PPE such as the aprons, gloves, cut gloves and smocks, however, the employees are not paid while donning, sanitizing and doffing other required PPE which includes hair nets, beard nets, earplugs, boots, bump caps and safety glasses.

    **Response**: Admit.

4. Perdue, as well as sections of the Code of Federal Regulations and the Occupational Safety and Health Administrations requires this PPE and sanitary equipment.

    **Response**: Admit.

5. Perdue refuses to pay its employees for time spent donning, doffing and sanitizing the required hair nets, beard nets, earplugs, bump caps, boots and safety glasses.

   **Response**: Admit with clarification. Perdue is under no obligation to pay its employees for time spent donning, doffing, and sanitizing the required hair nets, beard nets, earplugs, bump caps, boots, and safety glasses.

6. This is evidenced by Perdue's policy that the items in question *must* be donned and sanitized before clocking in and doffed and sanitized after clocking out.

   **Response**: Admit with clarification. Plaintiffs are required to have in their possession, personal items—bump caps, hair and/or beard nets, ear plugs, and slip-resistant footwear—prior to clocking in. (Def.'s Mem. in Support of its Mot. for Summ. J., Stmt Facts ¶ 20). Pursuant to Perdue's Good Manufacturing Practices Policy, 1st and 2nd Processing employees must wear clean clothes and use clean personal protective equipment at the beginning of their shift.

### III. ARGUMENT

Plaintiffs' argument in their cross-motion for partial summary judgment can be distilled to one basic point. They contend that because Perdue requires its employees to wear certain items, these items are integral and indispensable to the Plaintiffs' principal work activity. Plaintiffs' have misapplied the case law, the Portal-to-Portal Act, and the Department of Labor's guidelines. Plaintiffs also rely on facts that are immaterial to the disposition of summary judgment and as such, their claims fail under the law.

Under the Portal-to-Portal Act, Perdue is not required to compensate employees for activities that are "preliminary to" or "postliminary" to their principal activities, unless those activities are integral and indispensable to the employees' principal activities. Steiner v.

Mitchell, 350 U.S. 247, 256 (1956). Plaintiffs' first principal activity of their shift is putting on their specialized department gear—smocks, gloves, and hand or arm guards after they clock in. (Def's M. Summ. J, at 19). Their last principal activity for their shift is removing and disposing of their specialized gear before clocking out at the end of their shift. (Def's M. Summ. J, at 20). Plaintiffs' donning and doffing of hair nets, beard nets, slip-resistant footwear, ear plugs, bumpcaps, and safety glasses are preliminary and postliminary to their principal activities. The requirements to don and doff these simple items do not render them integral and indispensable, and therefore the minimal time spent donning and doffing these items is not compensable.

    A.    **The Requirement that Plaintiffs Wear Certain Items Does Not Render Them Compensable Under the Law.**

Plaintiffs argue that because certain items—hair nets, beardnets, boots, earplugs, bump caps, and safety glasses—are required by Perdue, they are rendered integral and indispensable to the Defendant's "principal business of safely producing uncontaminated poultry." (Pls.' Cross-Mot. for Summ. J. at 1). Donning and doffing generic equipment in order to process uncontaminated poultry are not rendered compensable activities simply because they are legally enforced or mandated by the Defendant. The activities Plaintiffs asks this Court to consider are preliminary and postliminary activities within the meaning of the Portal-to-Portal Act of the FLSA.

Defendant does not dispute that it implements certain requirements dictated by OSHA and the USDA. However, simply having a requirement to wear the non-unique personal items at issue here, does not automatically render the required activity "integral and indispensable" to the employees' principal jobs. The Supreme Court in IBP, Inc. v. Alvarez, noted that activities which are "necessary" or indispensable to a principal activity are not thereby "integral and indispensable." 546 U.S. 21, 40–41 (2005). Similarly, the Eleventh Circuit recently held in

Bonilla v. Baker Concrete Construction Inc., that a requirement to conduct a certain activity does not automatically render the required activity integral and indispensable to the principal work activity for which an employee is employed. 487 F.3d 1340, 1344–45 (11th Cir. 2007), cert. denied, 128 S. Ct. 813 (2007) ("We therefore hold that the time appellants spent going through the mandatory security screening is not compensable under the FLSA because that screening is not "integral and indispensable" to a principal activity under IBP, Steiner, or Dunlop.").[1]

The notion that simply because Perdue and OSHA require employees to wear certain items somehow makes them integral and indispensable and therefore compensable, has recently been rejected by other courts. In Gorman v. Consolidated Edison Corp., 488 F.3d 586, 592–93 (2d Cir. 2007) (cert. denied, 76 U.S.L.W. 3644 (U.S. June 9, 2008)) the court held that the terms "integral" and "indispensable" had separate meanings and *both* needed to be satisfied in order for plaintiffs' activities to be compensable. Id.  The Gorman plaintiffs sought compensation for time spent donning and doffing helmets, safety glasses, and steel-toed boots. Id.  The court held that although such gear might have been indispensable to the employees' work by being required by the employer or government regulations, the donning and doffing of such gear was not integral to the employees' work. Id. at 594–95 ("Donning and doffing of generic protective gear is not rendered integral by being required by the employer or by government regulation" and finding a helmet, safety glasses, and boots may be indispensable without being integral). Plaintiffs' contention that their donning and doffing activities are "integral and indispensable" relies chiefly on the idea that they are "indispensable" or required without accounting for the requirement they be "integral" as well. Id. at 592 (citing Steiner v. Mitchell, 350 U.S. 247, 256 (1956)).

---

[1] In Bonilla, the Eleventh Circuit considered the compensability of time spent by construction workers navigating security procedures and traveling to their work sites. 487 F.2d at 1341–42.  The court applied the three-part analysis in Dunlop v. City Electric, Inc., 527 F.2d 394, 399 (5th Cir. 1976) to determine whether the duties were "integral and indispensable" to the employees' principal work activities, and concluded that they were not. Bonilla, at 1344.

Other courts also have rejected the notion that simply because the donning and doffing of equipment is required by the employer or by regulation, they should be deemed integral and indispensable. In a recent donning and doffing case filed against Perdue, the Middle District of Georgia dismissed the plaintiffs' complaint entirely, holding that donning and doffing the exact same items cited in Plaintiffs' brief were preliminary to the employees' principal activities. Alford v. Perdue Farms, Inc., No. 5:07-cv-87, 2008 WL 879413, at *3 (M.D. Ga. Mar. 28, 2008) (stating that "[a]lthough they may be required by or ultimately for the benefit of the employer, these activities are only preliminary to the principal activities for which the employees are engaged."). Similarly, in Anderson v Pilgrim's Pride, Corp., the district court rejected employees' contention that the time spent changing and sanitizing clothing should be compensable because the employer and the United States Drug Administration ("USDA") required sanitary clothing be worn. 147 F. Supp. 2d 556, 563 (E.D. Tex. 2001) aff'd, 44 Fed. Appx. 652 (5th Cir. 2002). See also Reich v. IBP, Inc., 38 F.3d 1123, 1125 (10th Cir. 1994) (holding donning and doffing and protective items, such as hard hats, earplugs, safety footwear, and safety eyewear was not work, even though some items were required by the company, USDA, and OSHA regulations); Pressley v. Sanderson Farms, Inc., No. Civ. A H-00420, 2001 WL 850017, at *3 n.3 (S.D. Tex. Apr. 23, 2001) (stating USDA requirements to don, doff, and clean equipment do not render these activities integral and indispensable).

Plaintiffs relegate to a footnote, the point that whether employees can take sanitary and protective equipment home is not relevant to the inquiry of whether donning and doffing is an integral and indispensable activity. (Pls.' Mem. in Supp. of M. Summ. J. at 1 n. 1). Plaintiffs' ability to don and doff the personal equipment in question is an important consideration related to whether donning Plaintiffs' items are compensable. Because the poultry processing

employees are not limited to donning the items at the work facility, the donning and doffing activities are not compensable even if the employees choose to don and doff on the employer's premises. See, e.g., Abbe v. City of San Diego, Nos. 05cv1629 and 06cv0538, 2007 WL 4146696, at *7 (S.D. Cal. Nov. 9, 2007) ("Since the Court has been directed to no evidence suggesting Plaintiffs are required by law, policy, or the nature of their work to don and doff their uniform or safety equipment at work, Defendant is entitled to judgment on grounds that donning and doffing the uniform in question is not integral and indispensable to the principal activities of employment."); Bagrowski v. Maryland Port Auth., 845 F. Supp. 1116, 1121 n.6 (D. Md. 1994) (noting that police officers were not entitled to compensation under FLSA for time spent donning and doffing uniforms and required gear at work where they had the option to get dressed and undressed at home); see also Def.'s Mem. Ex. H, Wage and Hour Adv. Mem. No. 2006-2, at 2–3. ("[I]t is our longstanding position that if employees have the *option* and the *ability* to change into the required gear at home, changing into that gear is not a principal activity, even when it takes place at the plant.") (emphasis added).

    **B.**    **Whether the Donning and Doffing of Plaintiffs' Nonspecific Personal Protective Equipment Provides Some Benefit to Perdue Or Its Employees, Does Not Render The Activities Compensable.**

To the extent that determining the primary beneficiary of Plaintiffs' donning and doffing the nonspecific personal protective equipment is factored into whether the activities are integral and indispensable, this Court should find Perdue is not the primary beneficiary. Just because the protective clothing promotes safety, it does not automatically mean it is for the benefit of the company. Anderson v Pilgrim's Pride, Corp., 147 F. Supp. 2d 556, 561 (E.D. Tex. 2001) aff'd, 44 Fed. Appx. 652 (5th Cir. 2002) (finding the dust masks and paper wraps worn by poultry

processing employees are used primarily for the benefit of employees and donning and doffing of the items is not compensable under the FLSA).[2]

Even though Perdue may derive some benefit from the donning and doffing of poultry-processing employees' generic, personal gear before and after they begin their shift, does not render Defendant the *primary* beneficiary of the donning and doffing activities. The benefit that Defendant derives from Plaintiffs' wearing generic, personal gear is outweighed by the benefit to its employees of ensuring the reduced risk of injury or illness to themselves and cross-contamination to other employees and objects. For example, employees risk causing serious injury to their heads without the use of a bumpcap. See, e.g., 29 C.F.R. § 1910.135(a)(1) (stating employer shall ensure that each affected employee wears a protective helmet when working in areas where there is a potential for injury to the head from falling objects). Employees also risk having foreign particles of raw poultry enter their eyes without protection of safety goggles. See, e.g., 29 C.F.R. § 1910.133 ("The employer shall ensure that each affected employee uses appropriate eye or face protection when exposed to eye or face hazards from flying particles . . ."). While the OSHA regulations require certain safety precautions, Plaintiffs overlook that the donning, doffing, and sanitizing of their generic safety gear are for the direct benefit of the employees—to protect them from sickness or injury, and not for the primary benefit of Perdue.

---

[2]  As shown in Plaintiffs' Table 1, outlining Perdue's requirements as mandated by the Code of Federal Regulations, the Code's requirements themselves are aimed at protecting employees from contamination, possible disease, and injury. The Purpose section of the Code of Federal Regulations listing the Occupational Health and Safety Standards state the regulation is enacted for the safety and health of employees. See 29 C.F.R. § 1910.1. Specifically, 29 C.F.R. § 1910.132(a) states, "[p]ersonal protective equipment is required for first and second poultry processing employees to do their job safely to comply with OSHA standards."

Regardless of the primary beneficiary of Plaintiffs' donning and doffing activities, the donning and doffing of their hair nets, beard nets, slip-resistant footwear, ear plugs, bumpcaps, and safety glasses are preliminary and postliminary to their principal activities, and therefore not compensable.

### IV.    CONCLUSION

Because Plaintiffs' cannot show that donning and doffing of their general personal protective equipment are integral and indispensable to their principal activities, their Cross-Motion for Partial Summary Judgment should be denied.

Dated: July 11, 2008

        /s/ Lexer I. Quamie
James J. Kelley (D.C. Bar No. 194746)*
202-739-5095
jkelley@morganlewis.com
Lexer I. Quamie (D.C. Bar No. 502908)*
202-739-5955
lquamie@morganlewis.com
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
202-739-3001 (fax)

Sandra B. Reiss (Alabama Bar No. ASB-3650-S80S)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
205-328-1900
205-328-6000 (fax)
sandra.reiss@odnss.com

*Counsel for Defendant, Perdue Farms Incorporated*

* James J. Kelley and Lexer Quamie have been admitted to this Court pro hac vice.

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of July 2008, I caused a copy of the foregoing Defendant's Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment to be served via electronic mail upon:

Robert J. Camp
rcamp@cochranfirm.com

Lance Harrison Swanner
lswanner@cochranfirm.com

Richard Bernard Celler
richard@cellerlegal.com

Samuel Alex Cherry, Jr.
scherry@cochranfirm.com

Bernard Dobbie Nomberg
bnomberg@cochranfirm.com

*/s/ Lexer I. Quamie*
Lexer I. Quamie (admitted pro hac vice)
D.C. Bar No. 502908
202-739-5955
lquamie@morganlewis.com
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-739-3001 (fax)

Counsel for Defendant, Perdue Farms Incorporated