## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DARRYL ANDERSON, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Case Action No.: |
| v. § | 1:06-cv-1000-MEF-WC |
| § | |
| PERDUE FARMS, INC. § | |
| § | **JURY TRIAL DEMANDED** |
| Defendant. § | |

**PLAINTIFFS' REPLY BRIEF TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.     INRODUCTION**

Defendant asseverates that Plaintiffs' argument in favor of partial summary judgment is pointed basically focusing only on the fact that Perdue requires its employees to wear certain items and because Perdue requires the equipment these items are integral and indispensable to the Plaintiffs' principal work activity. This is *not* Plaintiffs' "basic point." The basic point of Plaintiffs' argument is that the donning and doffing of safety glasses, hairnets, bump caps, beard nets, rubber boots and earplugs (hereinafter PPE) is integral and indispensable to Plaintiffs' principal activity under the two part test used by this Court and the standard three part test utilized by the 11th Circuit.[1] The Defendant continues to ignore these tests, failing to apply them to the facts at hand as if they do not

---

[1] The 2-part test in Davis v. Charoen Pokphand (USA), Inc, 302 F.Supp.2d 1314 (M.D. Ala. 2004) and the standard 3-part test in Dunlop v. City Elec. Inc., 527 F.2d 394 (5th Cir. 1976) both of which are cited in the Plaintiffs' Cross-Motion. See Plaintiffs' Cross-Motion at p. 5.

1

apply to Perdue. Perdue misstates Plaintiffs' argument in what can only be interpreted as an attempt to confuse the issues before this Court.

The primary issue before this Court is whether a reasonable jury could determine that the PPE in question is not integral and indispensable to the Plaintiffs' principal activity of safely producing uncontaminated poultry. In other words: Can Plaintiffs' safely produce uncontaminated poultry without donning and doffing safety glasses, hair nets, earplugs, beard nets, slip resistant footwear and bump caps? The evidence shows the obvious answer to this question is "no" and therefore partial summary judgment must be granted in favor of the Plaintiffs' as to the limited issue of whether the PPE listed above is integral and indispensable to the Plaintiffs'' principal work activity.

Furthermore, when the moving party, in this case the Plaintiffs, supports the motion by affidavit or other material, as it has in this case, the non moving party, Perdue, cannot respond with mere allegations or denials, as it has. See First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968). Instead, Perdue must show, by affidavit, deposition testimony, or otherwise, that a genuine issue of material fact remains for trial. See Millar v. Houghton, 115 F.3d 348, 350 (5th Cir. 1997); see also Rule 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Perdue submitted no evidence which tends to show that an issue remains for trial. For these reasons and the reasons stated hereinafter partial summary judgment must be granted in favor of the Plaintiffs.

**II.    ARGUMENT**

**A.    There is no Difference Between the Smocks, Aprons and Gloves which Perdue Admits are Integral and Indispensable and Bump Caps, Hairnets, Safety Glasses, Beard Nets, Slip Resistant Footwear and Earplugs, the Items Perdue Deems not to be Integral and Indispensable.**

Perdue Farms admits Plaintiffs' principal activity is to safely produce uncontaminated poultry products[2]. Perdue Farms compensates its employees for the donning and doffing of smocks, aprons, cut gloves and rubber gloves. As such, Perdue considers these activities integral and indispensable to Plaintiffs' principal work activity.[3] Interestingly, for reasons unknown, Perdue does not believe that donning and doffing hairnets, earplugs, beard nets, bump caps, safety glasses and slip resistant footwear are integral and indispensable to safely producing uncontaminated poultry. This is true despite the fact that the earplugs, bump caps, safety glasses, and slip resistant footwear protect the Plaintiffs allowing them to safely produce product without injury and the hairnets, and beard nets allow Plaintiffs to produce unadulterated product by preventing human hair from coming in contact with the processed chicken. *See* Table 1, below. There is no way Plaintiffs can tread lightly around Defendant's preliminary or postliminary argument for Defendant's analysis is illogical and ludicrous. Besides the fact that the cut gloves, earplugs, safety glasses, bump caps and boots protect different parts of the body from injury or the fact that the smocks, hair nets, beard nets, and rubber gloves prevent adulteration of the product by different parts of the Plaintiffs' person, no reasonable person can draw a distinction between the donning and doffing of smocks, cut gloves and rubber gloves which Defendant considers integral and indispensable and as such a principal activity and the donning and doffing of hairnets, beard nets, earplugs, boots and safety glasses which Defendant does not consider integral and indispensable. Defendant's arbitrary designation of certain PPE as integral and indispensable where others serving the same purpose are allegedly not, is especially disingenuous given the

---

[2] See Defendant's Response Stmt of the Facts, ¶1.
[3] See Defendant's Response p. 4; Defendant's Reply in Support of its Motion for Summary Judgment, p. 2.

integral and indispensable nature of all the personal protective and sanitary equipment worn by Plaintiffs which finds its origins in the very same company policies and government requirements admittedly promulgated and complied with by Defendant to ensure Plaintiffs perform the principal activity of safely producing uncontaminated poultry.[4] See Table Below:

| Plaintiffs' Principal Activity: To **SAFELY** process **UNCONTAMINATED** poultry | | | | |
|---|---|---|---|---|
| **Required PPE** | **Perdue's Requirements** | **C.F.R Requirements** | **Integral and Indispensable** | **Don/Doff/ San./Walk Paid?** |
| **Hair nets and beard nets** | See Plaintiffs' Cross-Motion for SMJ at p. 7 | | Prevents contamination of the product | No |
| **Boots** | | | Readily washable; prevents contamination and promotes safety preventing slips and falls | No |
| **Bump caps** | | | Ensures safety by protecting employees' heads. | No |
| **Earplugs** | | | Ensures safety by protecting employees' ears | No |
| **Safety glasses** | | | Ensures safety by protecting employees' eyes | No |
| **Smock**[5] | All team members will wear smocks and/or aprons. Ptf's Motion Exhibt 7 at ¶6 | Wearing outer garments…in a manner that protects against contamination of food. 21 C.F.R. § 110.10(b)(1) | Prevents contamination of the poultry | Yes |

---

[4] See Plaintiffs' Cross motion for Summary Judgment p. 2, fn. 2 and pgs. 6 – 8.
[5] Perdue deems the donning and doffing of the smock, apron and glove integral and related walk time as indispensable and therefore the donning and doffing of such compensable. The Table shows there is no difference between donning and doffing the PPE for which Plaintiffs are compensated and donning/doffing the PPE for which they are not compensated.

| | | | | |
|---|---|---|---|---|
| **Apron** | All team members will wear smocks and/or aprons. Pltf's Motion Exhibit 7 at ¶6 | See C.F.R. 21 § 110.10(b)(1), above | Prevents contamination of the poultry | Yes |
| **Gloves** | Gloves will be sanitized prior to returning to your work station. Pltf's Motion, Exhibit 7 at ¶1, ¶13 | Maintaining gloves, if they are used in food handling, in an intact, clean, and sanitary condition. 21 C.F.R. § 110.10(b)(5) | Rubber Gloves prevent contamination of the poultry and mesh gloves promote safety | Yes |

The Table above shows that all required PPE is required both by Perdue and the C.F.R and both are integral and indispensable to the Plaintiffs' principal activity as each serves the purpose of either promoting worker safety, preventing contamination or both, however, the Plaintiffs are not compensated for donning/doffing/sanitizing of the majority of the items.

**B.     The Activities are Integral and Indispensable and Therefore not Within the Purview of the Portal-to-Portal Act.**

Plaintiffs' reiterate their successful application of the "integral and indispensable tests" to the case at hand and Perdue's failure to even *attempt* to apply the applicable tests to the equipment made issue in this suit. Instead of relying on Supreme Court precedent and the *Alvarez* decision's progeny, Perdue continues to rely upon, or hide behind, an antiquated six year old consent judgment[6] with the Department of Labor. It is generally

---

[6] Perdue's consent judgment is antiquated because it fails to accurately define the outer limits of the workday due to the landscape before the Supreme Court's decision in *Alvarez.* This is evidenced by the DOL's clear change in interpretation as to what constitutes a principal activity. Within Perdue's consent judgment the DOL excludes from compensable activities the donning and doffing of the equipment made issue in this case. Chao v. Perdue Farms; Defendant's Motion for Summary Judgment (Doc. #79) Ex. A

5

accepted that Supreme Court precedent trumps administrative opinions and consent judgments[7] and it is safe to assume that Perdue's counsel is aware of this inconvenient truth.  There is simply no way, under any maxim, ruling, theory or stretch of the imagination that the PPE considered in this case is not integral and indispensable.

Perdue is correct that some courts have held that the fact that the PPE is required does not automatically make it integral indispensable.  However, Plaintiffs have never rested on this fact alone in their determination that the PPE at issue in this case is integral and indispensable.  This Court has held that an activity is integral and indispensable when the activity is 1) necessary to Defendant's business and 2) performed primarily for the benefit of the Defendant. Davis v. Charoen Pokphand (USA), Inc, 302 F.Supp.2d 1314, 1322 (M.D. Ala. 2004).  When determining the first element, "[A]n activity is necessary for an employer's business if it is required by statute or regulation." Id. (citing Alvarez v. IBP, Inc., 339 F.3d 894, 903 (9th Cir. 2003)).  Perdue admits that the activity is required by its own policies and government regulation.[8]  Precedent in this Court dictates that this fact alone proves that the activity is necessary to Perdue's business. Id.  The sole purpose of these policies and government regulations is to ensure employees work safely and process an uncontaminated product, which is Defendant admits is Plaintiffs' principal activity.  See Plaintiffs' Cross motion for Summary Judgment p. 2, fn. 2.  The only remaining inquiry is whether the activity is performed *primarily* for the benefit of Perdue.

---

Tabb 1, File No. 2-02-033, PER_AND000002, ¶3.  After the Supreme Court's decision in *Alvarez*, the DOL clearly defines the donning and doffing of non-unique, generalized equipment made issue in this case as  principal activities and as such compensable. See Defendant's Motion for Summary Judgment (Doc. #79) Ex. H, Wage and Hour Memorandum No. 2006-2 at p. 3.

[7] Plaintiffs' Response to Summary Judgment, ¶2, fn. 1.

[8] See Perdue's Response to Plaintiffs' Statement of the Facts, ¶3, 4 (Perdue admits that it along with sections of the Code of Federal Regulations and OSHA requires the employees to don and doff earplugs, hair nets, beard nets when applicable, slip resistant footwear, safety glasses and bump caps).

Both Perdue and to a much lesser extent its employees receive benefits from donning and doffing the PPE at issue, however, it is obvious that Perdue primarily benefits from this required activity. Numerous courts have found that the activities at issue in the instant case primarily benefit the employer. <u>Jordan v. IBP</u>, 542 F. Supp. 2d 790 at 807 (M.D. Tenn. 2008), which granted the plaintiff's motion for partial summary judgment on liability, held that the PPE primarily benefits the employer because, "The fact is that the [PPE] enables the defendants to maintain the cleanliness of their facilities and prevent their product from becoming contaminated. This **<u>benefit is enormous</u>** when one considers the **<u>damage that would result to the defendants if they were to sell a contaminated food product</u>**… As such, there is no question that, as a matter of law, it is the defendants who reap not only some benefit from the donning and doffing of the [PPE], but the primary benefit of doing so." (emphasis added). The same holds true here, the donning and doffing of the PPE provides Perdue an enormous benefit when considering what would result to Perdue if it were to sell a contaminated food product. Clearly, the activity enables Perdue to safely process uncontaminated poultry, which is the *primary* purpose of the PPE and therefore Perdue is the *primary* beneficiary.

In <u>Fox v. Tyson</u>, the Northern District of Alabama held:

> As already discussed extensively, the need for Tyson to maintain a sanitary environment for chicken processing dictates the use of the equipment involved in this case. Donning of the smocks, aprons, boots, and other gear in this case is directly related to that goal and, thus, integral and indispensable to the work the plaintiffs perform. It is not merely preliminary or postliminary as those terms have been applied by the Supreme Court in <u>Steiner</u> or the Eleventh Circuit Court of Appeals in <u>Dunlop</u>

2001 U.S. Dist. LEXIS 26050 *39. This clearly supports the conclusion that the donning and doffing of the PPE is integral and indispensable as it *directly relates* to

7

Perdue's goal of safely processing uncontaminated poultry. Donning and doffing this gear is not "merely preliminary and postliminary" and this activity is required by Perdue so that it may maintain a sanitary environment. Defendant rests on its laurels stating just because an activity is required it does not rise to or equate to integral and indispensable. This is true in some instances but not in this one. For example, an employer may require a non-exempt employee to submit mileage in order to receive reimbursement, this activity is required but the employee is the sole beneficiary and as such the activity is not integral and indispensable. The employer suffers no damage if the employee fails to complete and submit the mileage report. Such is not the case here, if Plaintiffs fail to don the items in question Defendant will not operate. See Pltf's Motion at 8, fn. 9.

Every single case Perdue uses to support its position is distinguishable from the case at hand in that none of them dealt with the PPE at issue at a chicken plant and none utilized the "integral and indispensable" test set forth by this Court in Davis. Bonilla v. Baker Concrete Construction, Inc., 487 F.3d 1340, dealt with contract construction workers at an airport and whether the clearing of security and riding of company transfer buses was excluded from the purview of the Portal to Portal Act. In Bonilla it was undisputed the Appellants in that case did not perform any work prior to riding transfer buses and as such the continuous workday was not triggered and the riding of the buses was excluded as mandatory travel time exempted from compensation under the Portal to Portal Act. Id. at 1342- 1343. As to the security screening claim, the Bonilla Court found the act of clearing security not to be integral and indispensable to Appellants job of constructing the North Terminal at the Miami International Airport. Id. at 1341 and 1345. This is a rational conclusion because, while necessary, clearing security was not an

integral part of performing the construction. Construction can be performed regardless of the location of the project. In this case Plaintiffs' principal activity is the *safe* production of *uncontaminated* poultry products. The donning and doffing of earplugs, safety glasses, and slip resistant footwear is integral and indispensable to the Plaintiffs' principal activity of safely working while producing poultry products. The donning and doffing of the hair nets and beard nets is integral and indispensable to Plaintiffs principal activity of producing uncontaminated poultry products. Furthermore, while in Bonilla the court relied on the DOL's specific examples of non-compensable work, here the activities in question are specific examples of what the DOL considers compensable work. Id at 1343; Defendant's Motion for Summary Judgment (Doc. #79) Ex. H, Department of Labor Advisory Memorandum No. 2006-2 (May 31, 2006).

Perdue's favorite case is the heavily criticized Gorman v. Consolidated Edison Corp. which involved a nuclear plant, not a chicken processing plant. 488 F.3d 586 (2nd Cir. 2007). Gorman does not follow prior precedent and the judge there decided to create his own view of the FLSA holding that PPE is integral and indispensable only if it prevents death. Id. This Court has never taken that stance and the majority of Courts decline to follow Gorman.[9] In fact, Gorman is not on point with 11th Circuit precedent as reiterated in Chao v. Tyson Foods, Inc., a case dealing with the same issue here: whether the pre shift donning and post shift doffing of required PPE were integral and indispensable. 2008 WL 2020323 (N.D. Ala.). The Chao Court, applying the 3-part test in Dunlop, declined to follow Gorman stating:

---

[9] Lemmon v. City of San Leandro, 538 F.Supp.2d 1200 (N.D. Cal. 2007); Spoerle v. Kraft Foods Global, Inc., 527 F.Supp.2d 860 (W.D. Wis. 2007); Chao v. Tyson Foods, Inc., 2008 WL 2020323 *7 (N.D. Ala 2008); Jordan v. IBP, Inc., 542 F.Supp.2d 790 (M.D. Tenn 2008)

> Gorman, however, is less on point with the present action than Alvarez, as the Second Circuit there did not address donning and doffing claims in a meat or poultry processing plant, nor did it consider factors similar to Dunlop's three-part analysis. Therefore, while the Second Circuit espouses a narrow application of Steiner, binding, former Fifth Circuit precedent persuades the court that the Eleventh Circuit would more likely agree with the position of the Ninth Circuit as expressed in Alvarez.

Id. at *9. In Alford v. Perdue Farms the Judge did not apply the required test to determine if an activity is integral and indispensable which is binding precedent on this Court. See Dunlop, 527 F.2d 394. The Alford court reasoned that the PPE at issue in this case was similar to a businessman who is required to wear a tie to work or a waitress who is required to wear a name tag. This reasoning is fatally flawed as a businessman could still properly perform his duties without wearing a tie, i.e. "casual Fridays", as could a waitress without her nametag. As stated before, the Plaintiffs' in this case would cause poultry products to be contaminated with human hair if they did not wear hair nets or beard nets and Plaintiffs would not be able to perform their principal activity of safely producing the product because in the absence of donning their required earplugs, bump caps, safety glasses and slip resistant footwear thus exposing them to serious bodily injury.

The pre IBP v. Alvarez, 546 U.S. 21 at 36 (2005), decisions Pressely v. Sanderson Farms, Inc, 2001 WL 850017 (S.D. Tex. 2001), Anderson v. Pilgrim's Pride, 147 F.Supp2d 556 (E.D. Tex.) and Reich v. IBP 38 F.3d 1123 (10th Cir. 1994) dealt with the issue of whether the activities at issue in this case constituted "work" under the FLSA applying an exertion test, not whether the activities were preliminary and postliminary under the Portal-to-Portal Act. See Davis at FN8 ("Neither case [Anderson nor Reich] was decided based on the 'preliminary activity' exception in the Portal-to-Portal Act;

rather, the courts reasoned that these activities were not compensable because they were not 'work' within the meaning of the FLSA."). This exertion test has been squarely rejected after the Supreme Court's decision in Alvarez.[10] The Jordan court explains, "The persuasive effect of the Reich decision is extremely limited [because] it was issued before the Supreme Court's decision in Alvarez." Jordan at 803-804. The Third Circuit's decision in De Asencio v. Tyson, addressed jury instructions defining work as that definition relates to the donning and doffing of hair nets, beard nets, ear plugs, safety glasses, and smocks. 500 F.3d 361, 364 (3rd Cir. 2007). At trial the District Court Judge improperly instructed the jury,

> [I]f the donning, doffing and washing at issue do not require physical or mental exertion, the activities are not work. Therefore, you may ask yourself, is the clothing heavy or burdensome, or is it lightweight and easy to put on or take off? Does an employee need to concentrate to wash their hands or gloves or put on or take off these items?

Id. at 366. Not unlike Defendant's argument that Reich v. IBP precludes compensation for the same items in this case, on appeal Tyson too argued that the heavy and cumbersome language in the District Court's jury instruction was appropriate relying mainly upon Reich v. IBP. Inc. 38 F.3d 1123, 1125-26 (10th Cir. 1994)(holding that "the placement of a pair of safety glasses, a pair of earplugs and a hardhat into or onto the appropriate location on the head takes all of a few seconds and requires little or no concentration,: so that these activities did not meet the physical or mental exertion requirement and accordingly could not be considered work under the FLSA). The Third Circuit rejected Reich and concluded it was error for the jury instruction to direct the juror to consider whether the gear was cumbersome, heavy or required concentration to

---

[10] See e.g., Spoerle, 527 F.Supp.2d at 865; DeAsencio v. Tyson Foods, Inc., 500 F.3d 361, 372 (3rd Cir. 2007); Ballaris v. Wacker Siltrionic Corp., 370 F.3d 901 (9th Cir.)

don and doff. <u>De Asencio</u> at 373. This language wrongly focused the jury to consider the laborious degree of exertion rather than if the activity was controlled or required by the employer for the employer's benefit. <u>Id</u>. The Court further reasoned in light of the Supreme Court's decision in *Alvarez*, that such donning and doffing activities, the same activities at question in this case, *constitutes "work" as a matter of law*. <u>Id</u>. at 373. Following the same rationale, at least one district court in <u>Reich's</u> own circuit has rejected <u>Reich's</u> reasoning post <u>Alvarez</u>. <u>Garcia v. Tyson Foods, Inc.,</u> 474 F.Supp.2d 1240 (D.Kan.2007). The <u>Garcia</u> court stated that it was convinced that the 10th Circuit, if given the opportunity to revisit the issues in <u>Reich</u>, would approach its analysis of the pertinent issues differently in light of the Supreme Court's decision in <u>Alvarez</u>. <u>Id</u>. at 1246. In light of <u>Alvarez</u>, the Circuit revisiting <u>Reich</u> today would focus not on whether the donning and doffing constituted work within the meaning of <u>Tennessee Coal</u>, but on whether the standard protective clothing and gear are integral and indispensable to the work performed by production employees. <u>Id</u>.; <u>see</u> <u>also</u> <u>Ballaris v. Wacker Siltronic Corp</u>., *370 F.3d 901, 910-911* (9th Cir. 2004) (We further hold that in considering whether putting on and taking off safety goggles was excluded, the ease of donning and ubiquity of use did not make the donning of such equipment less integral and indispensable.). Thus, if <u>IBP v. Reich</u> is no longer reasonable in light of the Supreme Court's decision, <u>Pressely v. Sanderson Farms, Inc</u> and <u>Anderson v. Pilgrims Pride</u> have no relevance for they are based on the rationale relied upon in <u>Reich</u>.

**C.   Plaintiffs' Cross-Motion Asks this Court Only to Hold that the PPE is Integral and Indispensable to the Plaintiffs' Principal Work Activity.**

The location of where PPE is donned or doffed is not an element under the integral and indispensable inquiry. The Defendant juxtaposes this idea from its consent

judgment with the Department of Labor, not judicial precedent or legislative enactments. Perdue's counsel could not resist going outside of the narrowly drawn issue at hand and discussing compensability based on the location of where the activity took place. Furthermore, Defendant has submitted a single internal company document which supports its assertion that the items in question can be worn from home and Defendant's own admission alleges that document was not incorporated into Defendant's training until January of 2008. See Doc. 109, Exhibit A, ¶6.

Plaintiffs' cross-motion does not ask this Court to address compensability. As clearly stated in Plaintiffs' cross-motion the Plaintiffs only ask this Court to hold the donning, doffing and sanitizing of the PPE-hair nets, bump caps, slip resistant footwear, beard nets, earplugs and safety glasses-to be integral and indispensable to the Plaintiffs' principal work activity-just as the smock, apron, cut gloves and rubber gloves-which Perdue admits are integral and indispensable to the Plaintiffs' principal work activity.

### III.   CONCLUSION

Perdue has failed to show that a genuine issue of material fact exists as required by the Rule 56 summary judgment standard.[11]  Donning and doffing the required PPE in this case primarily benefits Perdue.  If Perdue allowed workers to enter the line without having donned the PPE Defendant could not stay in business and Plaintiffs would be disciplined for failing to safely produce uncontaminated poultry products.  If Perdue truly believes that the required gear is not integral and indispensable to safely producing uncontaminated poultry it should deem the PPE optional and as such employees would

---

[11] After the moving party has met its burden, the nonmoving party must go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing there is a genuine issue for trial.' Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)).

not be subject to discipline for non compliance[12].  This Court's previous ruling explains it best:

> Defendant argues that Plaintiffs' declarations contain unsubstantiated legal conclusions, such as (1) line activities are "necessary, integral, and indispensable to the declarant's overall activities…**The first conclusion is obvious** because the equipment that declarants' work involved killing, disemboweling, inspecting, cleaning, cutting, weighing, and packing poultry.  Therefore, the sanitation was necessary for the processing of work.

*Anderson v. Perdue Farms*, 2008 U.S. Dist. LEXIS 13918 (2008) (emphasis added).  The activities at issue are integral and indispensable, <u>this is obvious</u>, and therefore Plaintiffs are entitled to judgment in their favor on the issue.

Dated:  July 18, 2008                                         Respectfully submitted,

                                                              **THE COCHRAN FIRM, P.C.**

                                                              /s/ Robert J. Camp
                                                              **ROBERT J. CAMP**
                                                              505 North 20th Street, Suite 825
                                                              Birmingham, AL  35203
                                                              (205) 244-1115 (Phone)
                                                              (205) 244-1171 (Fax)

                                                              *Attorney for Plaintiffs*

---

[12] See Plaintiffs' Cross Motion for Summary Judgment pg. 8, fn. 8.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 18, 2008, I electronically filed Plaintiffs' Reply with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

| | |
|---|---|
| Sandra B. Reiss<br>sandra.reiss@odnss.com | Lance Harrison Swanner<br>lswanner@cochranfirm.com |
| James J. Kelley<br>jkelley@morganlewis.com | Bernard D. Nomberg<br>bnomberg@cochranfirm.com |
| Lexer I. Quarmie<br>lquamie@morganlewis.com | Samuel A. Cherry, Jr.<br>scherry@cochranfirm.com |

      /s/ Robert J. Camp
      **ROBERT J. CAMP**