# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DARRYL ANDERSON, et al., § § § | |
| Plaintiffs, § § | Case Action No.: |
| v. § § | 1:06-cv-1000-MEF-WC |
| PERDUE FARMS, INC. § § | JURY TRIAL DEMANDED |
| Defendant. § § | |

## PLAINTIFFS' REPLY BRIEF TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

Comes now Plaintiffs, and respectfully request that this Court give no weight to the Defendant's Response and enter an order granting Plaintiffs' Motion to Strike. As grounds for said request, Plaintiffs aver that,

1.     Defendant has failed to authenticate the document purporting to be evidence of a policy in place throughout the duration of Defendant's applicable period of potential liability.

2.     Defendant asserts that the exhibit in controversy was authenticated by Mr. Tabinowski in Def's Mem. in Supp. Mot. Summ. J at 13; Statement facts ¶87. *See* Def's Response at ¶2. This contention is a farce. Within Tabinowki's affidavit he refers to "orientation materials" but never does he attest that Exhibit C, "First Principal Activity – Associate Performance Standards" is in fact part of the orientation materials used at the

1

Dothan facility. Mr. Tabinowski only testifies that orientation materials exist and he testifies to their general content.

3. If we accept Defendant's contention that Exhibit C was properly authenticated in ¶¶ 17 – 18 of Tabinowski's affidavit, then it would appear Mr. Tabinowski has misrepresented the truth to this Court. Mr. Tabinowski testifies the Kronos time system was installed in 2002 and states,

> "When Perdue instituted the Kronos system in Dothan, it trained all hourly employees on its use. Since that time, new poultry processing employees are given orientation and training that describe the relevant donning, doffing, and time clock policies and procedures. "The orientation and training materials define donning, doffing and first and last principal activities…"

Def's Motion for Summ. J. at Exhibit B, ¶12, ¶¶17 – 18.

4. Mr. Tabinowski's testimony causes the reader to infer Exhibit C has been in affect since 2002 but such is not the case. Exhibit C was allegedly introduced into the orientation program in January of 2008. See Def's Response, Dozier Affidavit at 2, ¶6 (Tol Dozier testifies the "First Principal Activity – Associate Performance Standards" was not introduced until January of 2008.

5. This is especially concerning since Exhibit C is the sole internal company document submitted by Defendant which supports its proposition that employees are trained they have the option and or right to where the PPE in question from home. Defendant's proffered declarations of Heflin and Tabinowski do not even support Defendant's position that employees have the option to wear the PPE at issue in this case from home. This point is particularly important given Plaintiffs' deny they have the option to wear these articles of personal and sanitary equipment from home and testify they have never been trained in this policy. *See* Pltf's Response in Opposition to SMJ at

2

32, ¶56. Why is this important, because a large portion of Defendant's summary judgment argument that the donning and doffing of hair nets, beard nets, earplugs, safety glasses and slip resistant boots constitute preliminary and postliminary activities is rooted in the notion that if employees have the option and ability to change into clothing at home the activity is not a principal activity.

6.      Defendant's 2008 introduction of Exhibit C into its orientation material is just another in a long line of remedial steps taken by Defendant to mitigate their damages in this action.  See Pltf's Motion in Opposition to SMJ, Exhibit 3, Affidavit of QA Employee Dixon at ¶¶24 – 26 and Exhibit 5, Affidavits of Olivia, Ward and Tiller at ¶¶13.

7.      The affidavit of Dozier too falls short.  Dozier's affidavit authenticates the existence of the document only since January of this year and as such Defendant has failed to authenticate that this document is what Defendant purports it to be, proof of the existence of a policy supporting their motion for summary judgment that has been in place throughout Defendant's period of liability dating back to October 31, 2004.  For this reason Plaintiffs' motion to strike is due to be granted.

    WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court as soon as practicably possible grant Plaintiffs' **M**otion to Strike.

Dated:  July 18, 2008                             Respectfully submitted,

                                                                    **THE COCHRAN FIRM, P.C.**

                                                                    /s/ Robert J. Camp
                                                                    **ROBERT J. CAMP**
                                                                    505 North 20th Street, Suite 825
                                                                    Birmingham, AL  35203
                                                                    (205) 244-1115 (Phone)
                                                                    (205) 244-1171 (Fax)

3

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 18, 2008, I electronically filed Plaintiffs' Reply with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

| | |
|---|---|
| Sandra B. Reiss<br>sandra.reiss@odnss.com | Lance Harrison Swanner<br>lswanner@cochranfirm.com |
| James J. Kelley<br>jkelley@morganlewis.com | Bernard D. Nomberg<br>bnomberg@cochranfirm.com |
| Lexer I. Quarmie<br>lquamie@morganlewis.com | Samuel A. Cherry, Jr.<br>scherry@cochranfirm.com |

/s/ Robert J. Camp
**ROBERT J. CAMP**