**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DARRYL ANDERSON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case Action No.:** |
| **v.** | ) | **1:06-CV-1000-MEF-WC** |
| | ) | **JURY TRIAL DEMANDED** |
| **PERDUE FARMS INCORPORATED,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MOTION TO FILE A SURREPLY TO
PLAINTIFFS' MOTION TO STRIKE**

COMES NOW the Defendant, Perdue Farms Incorporated, ("Defendant" or "Perdue") by and through counsel, and moves this Court to allow it to file a Surreply to Plaintiffs' Motion to Strike. Defendant requests leave to file a Surreply to Plaintiffs' Motion to Strike because Plaintiffs have raised new arguments in their Reply brief not presented in their Motion to Strike and have injected erroneous facts into the record to which Defendant must respond.

Plaintiffs' sole argument in their Motion to Strike Exhibit C to Defendant's Motion for Summary Judgment was that it was inadmissible because it had not been authenticated. See Pls.' Mot. to Strike at 2. In response, Defendant explained the source of this Exhibit in the record, and out of an abundance of caution, Defendant included an Affidavit authenticating this Exhibit. See Def.'s Resp. in Opp. to Pls.' Mot to Strike, at 2. In their Reply, Plaintiffs mischaracterize Defendant's Response and stir up unfounded accusations that have no basis in fact. Defendant acknowledges that surreplies are typically appropriate only in unusual circumstances, such as where a movant raises new arguments. Stephens v. Trust for Pub. Land, 475 F. Supp. 2d 1299,

1

1303 (N.D. Ga. 2007). This is such a case: Plaintiffs have raised new and unsustainable arguments in support of their Motion to Strike, to which Defendant must be afforded the opportunity to respond.

Defendant also requests leave to file this Surreply brief to clarify the record and to respond to Plaintiffs' new arguments. Plaintiffs' Reply not only misreads Defendant's Response, it completely distorts the record in an attempt to unsustainably discredit the Internal Auditor for the Dothan facility, Dave Tabinowski. It is Plaintiffs' Reply, and not Defendant's Exhibit, that should be stricken from the record.

As additional grounds for this request, Defendant states,

1.  Defendant did not proffer the document as evidence of a policy in place throughout the entire period of time covered by Plaintiffs' suit. As explained in Defendant's Opposition and the accompanying affidavit, the document was first used at the Dothan facility in January 2008. See Def.'s Resp. in Opp. to Pls.' Mot. to Strike at 2, Ex. A, ¶ 6. It was produced to Plaintiffs during discovery as an example of a current policy relating to personal equipment and is one of several training materials used by the Defendant orienting new employees on proper donning and doffing. See Def. Mot. Summ. J. ¶ 87. Defendant has made no attempt to hide this fact or "misrepresent the truth" from the Court or from the Plaintiffs.

2.  Defendant did not assert that Exhibit C was authenticated by its Internal Auditor, David Tabinowski. Plaintiffs' citations to the record do not support this statement. Defendant authenticated this document on July 11, 2008 through the Affidavit of Tol Dozier, the Director of Human Resources at the Dothan facility, who attested that Exhibit C, "First Principal Activity – Associate Performance Standards" is currently used at the Dothan, Alabama facility. See Def.'s Resp. in Opp. to Pls.' Mot to Strike at 2.

3. This is no basis for Plaintiffs' <u>ad hominem</u> attacks on Mr. Tabinowski. Mr. Tabinowski has not misrepresented the truth to the Court and did not imply, nor state that Exhibit C was used since the inception of the Kronos time keeping system in 2002.

4. Defendant relies on employees' own testimony to support the undisputed fact that they may don and doff their general personal protective equipment at home. <u>See</u> Def. Mem. in Supp. Mot. Summ. J. Stmt Facts ¶ 20; <u>Id.</u> Ex. E, Green Decl. ¶ 15; Hickman Decl. ¶ 9; and Mack Decl. ¶ 14. Exhibit C simply provided additional support for this undisputable fact. Defendant's training brochure attached as Exhibit D to Defendant's Motion for Summary Judgment also states that poultry-processing employees may take their personal protective equipment home. <u>See</u> Def.'s Mot. Summ. J. at Ex. D; Def.'s Opp. Mot to Strike at Ex. A. Plaintiffs' ability to take their personal items home is logically coupled with Plaintiffs' ability to wear the items back to work from home. <u>See</u> Def.'s Memo in Supp. Mot. Summ. J. at 24–25; Def.'s Reply in Further Supp. Mot. Summ. J. at 7–8.

For the foregoing reasons, specifically, that Plaintiffs have raised new arguments and have injected erroneous facts into the record, Defendant must be afforded an opportunity to file a Surreply to Plaintiffs' Motion to Strike.

Dated: July 22, 2008

      /s/  *Lexer I. Quamie*

James J. Kelley  (D.C. Bar No. 194746)*
202-739-5095
jkelley@morganlewis.com
Lexer I. Quamie  (D.C. Bar No. 502908)*
202-739-5955
lquamie@morganlewis.com
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004
202-739-3001 (fax)


Sandra B. Reiss (Alabama Bar No.  ASB-3650-S80S)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
205-328-1900
205-328-6000 (fax)
sandra.reiss@odnss.com

*Counsel for Defendant, Perdue Farms Incorporated*


\* *James J. Kelley and Lexer Quamie have been admitted to this Court pro hac vice.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of July 2008, I caused a copy of the foregoing Defendant's Motion to File a Surreply Brief to be served via electronic mail upon:

Robert J. Camp
rcamp@cochranfirm.com

Lance Harrison Swanner
lswanner@cochranfirm.com

Richard Bernard Celler
richard@cellerlegal.com

Samuel Alex Cherry, Jr.
scherry@cochranfirm.com

Bernard Dobbie Nomberg
bnomberg@cochranfirm.com


*/s/ Lexer I. Quamie*
Lexer I. Quamie (admitted pro hac vice)
D.C. Bar No. 502908
202-739-5955
lquamie@morganlewis.com
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-739-3001 (fax)

*Counsel for Defendant, Perdue Farms Incorporated*