# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DARRYL ANDERSON, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Case Action No.: |
| v. § | 1:06-cv-1000-MEF-WC |
| § | |
| PERDUE FARMS, INC. § | |
| § | JURY TRIAL DEMANDED |
| Defendant. § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO FILE SURREPLY

Comes now Plaintiffs, and respectfully request that this Court deny Defendant's Motion and enter an order granting Plaintiffs' Motion to Strike. As grounds for said request, Plaintiffs aver that,

1. Defendant's request is a back-door surreply whereby Defendant spends the majority of its time addressing substantive issues rather than focusing on grounds which would warrant a sur-reply. Defendant does not base its request on any federal rule and it admits surreplies are appropriate only in unusual circumstances. *See* Def's Motion at 1.

2. Plaintiffs' Reply is not an <u>ad hominem</u> attack on Perdue's internal wage and hour auditor, David Tabinowski. Plaintiffs' Reply simply points out that Defendant is trying to have its cake and eat it too arguing Exhibit C was properly authenticated when originally submitted and if not, out of the abundance of caution, Defendant is now authenticating the document through the use of the new affidavit executed by Tol Dozier.

1

3.      Defendant attacks Plaintiffs claiming Plaintiffs have misrepresented the truth within their Reply, denying that Defendant offered the Affidavit of Tabinowski as proof the document in question had been appropriately authenticated.  Splitting hairs Defendant instead argues it was explaining the source of Exhibit C in the record, not authenticating, but it is unclear to the undersigned how to decisively differentiate between "explaining the source" of a document and authentication of a document.  Defendant's Motion states, "Defendant did not assert that Exhibit C was authenticated by its Internal Auditor David Tabinowski," yet within Defendant's Response to Plaintiffs' Motion to Strike Defendant states "

> "Plaintiffs have shown no valid reason to strike Defendant Perdue Farms, ("Perdue" or "Defendant") evidentiary submission, specifically Exhibit C…Defendant submitted this document with its Motion for Summary Judgment, as an example of training materials distributed to new poultry-processing employees. (Def. Mem. in Supp. Mot. Summ. J. at 13; Stmt Facts ¶ 87)."

*See* Def's Response at pg. 1, Introduction and pg. 2, ¶ 2.  No Defendant does not directly cite to Tabinowski's affidavit but Defendant's citation, *Def. Mem. in Supp. Mot. Summ J. at 13, Stmt Fact ¶ 87*, gleams its evidentiary support from Tabinowski's affidavit. Statement of Facts, Paragraph 87, specifically sets forth citing Tabinowski,

> "In addition, since 2005, all new poultry processing employees are given Perdu's orientation and training brochure that describes in detail Perdue's donning and doffing procedure. (Ex. B, Second Tabinowski Decl. ¶ 17 – 18; Ex. C, Orientation Training Materials; Ex. D, Orientation and Training Brochure."

*See* Def's Mem. in Supp. Mot. Summ. J. at Stmt. Fact ¶ 87.

4.      It is inconceivable how Plaintiffs' Counsel could interpret Defendant's Response in Opposition as anything other than an assertion by Defendant that its Exhibit C had

2

been properly authenticated as orientation material in place at the Dothan Plant since 2005.

5.  Furthermore, Plaintiffs did not attack Tabinowski personally, but instead pointed out to the Court, in light of Tabinowski's testimony, Defendant's proposition that the exhibit was properly authenticated prior to the Dozier affidavit is untenable without calling into question Tabinowski's credibility.

6.  Plaintiffs have not submitted new arguments but instead have replied to arguments raised by Defendant in its Response. Plaintiff's Reply can hardly be characterized as an unusual circumstance.

7.  Defendant's current request to file a surreply to Plaintiffs' Reply is simply an attempt by Defendant to spin Plaintiffs' Reply in order to effectuate damage control now that Defendant realizes Plaintiffs have thwarted Defendant's efforts to convince this Court that throughout Defendant's entire period of liability employees have had the option to wear personal protective and sanitary equipment from their home.

8.  Of the sixteen (16) non-plaintiff employee declarations submitted by Defendant in support of its summary judgment motion, Defendant relies only on the testimony of three to support its contention that equipment can be worn from home. See Def's Motion at 3, ¶ 4. These declarations are not what Defendant purports them to be. In fact, none of the paragraphs cited by Defendant even approach a definitive statement that employees are allowed to wear items to and from home and instead each declaration specifically states the declarant removes the items before returning home. This is consistent with Plaintiffs' assertions that employees are not allowed nor trained to wear equipment from home. Additionally, Defendant's statement that "plaintiffs' ability to take their personal items

home is logically coupled with Plaintiffs' ability to wear the items back to work from home," does not sound of an undisputed fact but instead reeks of an inference upon which Defendant wishes the Court to hang its hat now that all evidentiary support for such a proposition is fleeting.  *See* Def's Motion at 3, ¶ 4.

9.     Plaintiffs have shown Defendant's Motion is essentially a back-door surreply without the Court's consent.  Plaintiffs have shown the accusations and assertions within Defendant's Motion are without merit and as such Plaintiffs' Reply does not constitute an unusual circumstance warranting Defendant's request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court Deny Defendant's Motion and as soon as practicably possible Grant Plaintiffs' Motion to Strike.

Dated:  July 22, 2008                                   Respectfully submitted,

**THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
505 North 20th Street, Suite 825
Birmingham, AL  35203
(205) 244-1115 (Phone)
(205) 244-1171 (Fax)

*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, I electronically filed Plaintiffs' Reply with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

Sandra B. Reiss                                          Lance Harrison Swanner
sandra.reiss@odnss.com                        lswanner@cochranfirm.com

| | |
|---|---|
| James J. Kelley<br>jkelley@morganlewis.com | Bernard D. Nomberg<br>bnomberg@cochranfirm.com |
| Lexer I. Quarmie<br>lquamie@morganlewis.com | Samuel A. Cherry, Jr.<br>scherry@cochranfirm.com |

/s/ Robert J. Camp
**ROBERT J. CAMP**