IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2008 DEC -5  A 11: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

_____ )
                             )
DARRYL ANDERSON, et al.,     )
                             )
         Plaintiffs,         )
                             )          Case Action No.:
    v.                       )          1:06-CV-1000-MEF-WC
                             )
PERDUE FARMS INCORPORATED,   )
                             )
         Defendant           )
_____ )

BRIEF OF THE SECRETARY OF LABOR AS AMICUS CURIAE
IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

GREGORY F. JACOB
Solicitor of Labor

STEVEN J. MANDEL
Associate Solicitor

JONATHAN M. KRONHEIM
Counsel for Trial Litigation

U.S. Department of Labor
Office of the Solicitor
200 Constitution Ave., N.W.
Suite N-2716
Washington, D.C. 20210
Telephone: (202) 693-5555
Fax:  (202) 693-5689

**TABLE OF CONTENTS**

                                                                          Page

ARGUMENT ......................................................... 1

    TIME SPENT DONNING AND DOFFING GEAR THE EMPLOYEES
    MAY PUT ON AND TAKE OFF AT HOME IS NOT COMPENSABLE ........ 1

CONCLUSION ...................................................... 11

**TABLE OF AUTHORITIES**

Cases

Abbe v. City of San Diego,
    Nos. 05-cv-1629, 06-cv-0538,
    2007 WL 4146696 (S.D. Cal. 2007) ........................... 8

Alford v. Perdue Farms Inc.,
    No. 05-07-cv-87, 2008 WL 879413 (M.D. Ga. 2008) ........... 10

Alvarez v. IBP Inc.,
    339 F.3d 894 (9th Cir. 2003) affd,
    IBP, Inc. v. Alvarez, 546 U.S. 21 (2005) .................. 10

Apperson v. Exxon Corp.,
    24 WH Cases 364, 1979 WL 1979 (E.D. Cal. 1979) ............ 9

Armour & Co. v. Wantock,
    323 U.S. 1263 (1944) ....................................... 2

Bagrowski v. Maryland Port Auth.,
    845 F. Supp. 1116 (D. Md. 1994) ............................ 9

Ballaris v. Wacker Siltronic Corp.,
    370 F.3d 901 (9th Cir. 2004) ............................... 8

Barrentine v. Arkansas-Best Freight Sys., Inc.,
    750 F.2d 47 (8th Cir. 1984) ................................ 3

Baylor v. United States,
    198 Ct. Cl. 331 (1972) ..................................... 7

Cases - Continued                                                        Page

Bonilla v. Baker Concrete Constr., Inc.,
    487 F.3d 1340 (11th Cir.), cert. denied,
    128 S. Ct. 813 (2007) ................................ 4

Bonner v. City of Prichard, Ala.,
    661 F.2d 1206 (11th Cir. 1981) ...................... 9

Burton v. Hillsborough County, Fla.,
    181 Fed. Appx. 829 (11th Cir.), cert. denied,
    127 S. Ct. 556 (2006) ............................... 6

Dunlop v. City Elec., Inc.,
    527 F.2d 394 (5th Cir. 1976) ...................... 3,9

Gorman v. Consolidated Edison Corp.,
    488 F.3d 586 (2d Cir. 2007) ........................ 10

IBP, Inc. v. Alvarez,
    546 U.S. 21 (2005) ........................... 2,3,4,7,10

Lee v. Am-Pro Agency Inc.,
    860 F. Supp. 325 (E.D. Va. 1994) .................... 8

Lemmon v. City of San Leandro,
    538 F. Supp. 2d 1200 (N.D. Cal. 2007) ............... 9

Musch v. Domtar Industries,
    No. 07-CV-524, 2008 WL 4735171
    (W.D. Wis. 2008) .................................... 9

Reich v. IBP, Inc.,
    38 F.3d 1123 (10th Cir. 1994) ...................... 10

Riggs v. United States,
    2 Cl. Ct. 664 (1990) ................................ 8

Skidmore v. Swift & Co.,
    323 U.S. 134 (1944) ............................... 6,8

Steiner v. Mitchell,
    350 U.S. 247 (1956) .......................... 4,5,8,10

Tennessee. Coal, Iron & R. Co. v. Muscoda Local No. 123,
    321 U.S. 590 (1944) ................................. 2

Page

Statutes

Fair Labor Standards Act of 1938:

    29 U.S.C. 201 et seq.: ........................................ 1
    29 U.S.C. 207(a)(1) .......................................... 2
    29 U.S.C. 208 (note) ........................................ 5
    29 U.S.C. 216(c) ............................................ 5

    63 Stat. 920 ................................................ 5

Portal Act of 1947, 61 Stat. 84: ............................... 2,4

    29 U.S.C. 254(a) ........................................ 2,3,4

Code of Federal Regulations

29 C.F.R. Part 785 ............................................... 6

    29 C.F.R. 785.24(c) ......................................... 9

29 C.F.R. Part 790: .............................................. 6

    Section 790.2(a) ............................................ 3
    Section 790.6(a) ............................................ 3
    Section 790.6(b) ............................................ 3
    Section 790.7(g) ............................................ 8
    Section 790.8 ......................................... 5,7,8,9
    Section 790.8(a) ............................................ 3
    Section 790.8(b) ............................................ 4
    Section 790.8(c) .......................................... 5,9

Miscellaneous

12 Fed. Reg. 7655 (Nov. 18, 1947) ................................ 5

93 Cong. Rec. 2297, 2300 (1947) ................................ 3,4

Field Operations Handbook, Chapter 31, § 31b13
(Dec. 15, 2000) *available at*
http://www.dol.gov/esa/whd/FOH/ .................................. 6

Miscellaneous - Continued

Page

Wage and Hour Advisory Memorandum No. 2006-2
(May 31, 2006) *available at*
*http://www.dol/gov/esa/whd/FieldBulletins/*
*AdvisoryMemo2006_2.htm* ................................6,7,8,10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL ANDERSON, et al.,       ) <br> ) <br> Plaintiffs,    ) <br> ) <br> v.              ) <br> ) <br> PERDUE FARMS INCORPORATED,    ) <br> ) <br> Defendant.    ) | Case Action No.: <br> 1:06-CV-1000-MEF-WC |

BRIEF OF THE SECRETARY OF LABOR AS AMICUS CURIAE IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's order dated November 14, 2008, the Secretary hereby submits this brief as amicus curiae in support of Defendant's motion for summary judgment. This brief will address the Secretary's view that the donning and doffing of items that employees may put on and take off at home are not integral or indispensable to the employees' principal work activities.

<u>ARGUMENT</u>

TIME SPENT DONNING AND DOFFING GEAR THE EMPLOYEES
MAY PUT ON AND TAKE OFF AT HOME IS NOT COMPENSABLE

The Fair Labor Standards Act (FLSA), 29 U.S.C. 201 <u>et</u> <u>seq</u>., generally requires employers to compensate non-exempt employees at one and one-half times their regular rate of pay for all

hours worked over 40 hours in a workweek. See 29 U.S.C. 207(a)(1). The statute reflects "a Congressional intention to guarantee either regular or overtime compensation for all actual work or employment." Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 597 (1944). The Supreme Court has clarified that this definition was "not intended as a limitation on the Act," and that even non-exertional acts, such as waiting, can be "work" under the FLSA. Armour & Co. v. Wantock, 323 U.S. 126, 133 (1944); see IBP, Inc. v. Alvarez, 546 U.S. 21, 25 (2005) (Armour "clarified that 'exertion' [i]s not in fact necessary for an activity to constitute 'work' under the FLSA.").

The Portal Act creates a limited exception to the FLSA's general rule that an employer must compensate its employees for all hours worked. Section 4(a) of the Portal Act relieves an employer of responsibility for compensating employees for:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,

which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. 254(a).

The Portal Act was designed to "preserve to the worker the rights he has gained under the Fair Labor Standards Act." 29 C.F.R. 790.2(a) (quoting 93 Cong. Rec. 2297, 2300 (1947) (statement of Sen. Cooper)). Consistent with this congressional intent, "the terms 'principal activity or activities' . . . are to be read liberally." Barrentine v. Arkansas-Best Freight Sys., Inc., 750 F.2d 47, 50 (8th Cir. 1984); see Dunlop v. City Elec., Inc., 527 F.2d 394, 398 (5th Cir. 1976) (terms must be construed liberally "to encompass 'any work of consequence'"); 29 C.F.R. 790.8(a) (same).

By its terms, the Portal Act only excludes traveling and other preliminary and postliminary activities when they occur outside the workday, which is defined as "the period between the commencement and completion on the same workday of an employee's principal activity or activities." 29 C.F.R. 790.6(b); see 29 U.S.C. 254(a); Alvarez, 546 U.S. at 28-29. This principle, known as the "continuous workday" rule, requires an employer to pay an employee for any activity that occurs between the first and last principal activities of the employee's workday. See Alvarez, 546 U.S. at 28 (quoting 29 C.F.R. 790.6(a)). Thus, "during a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is excluded from the scope of [Section 4(a)], and as a result is

3

covered by the FLSA." Alvarez, 546 U.S. at 37. The principle applies to waiting time as well. See id. at 40.

The Supreme Court has established that "activities performed either before or after the regular work shift, on or off the production line, are compensable under the portal-to-portal provisions of the Fair Labor Standards Act if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed." Steiner v. Mitchell, 350 U.S. 247, 256 (1956). Further, "any activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity' under § 4(a) of the Portal-to-Portal Act." Alvarez, 546 U.S. at 37. Such an activity commences the continuous workday, and marks the beginning of compensable time. See id.; Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1342 (11th Cir.), cert. denied, 128 S. Ct. 813 (2007).[1]

From the time of the enactment of the Portal Act, whether an activity is integral and indispensable has been linked to whether it takes place on the employer's premises. Congress passed the Portal Act in May 1947, 61 Stat. 84. In November 1947, the Secretary of Labor promulgated regulations

---

[1] Any "principal activity" can begin and end the workday, regardless of how long that activity takes to perform. 29 U.S.C. 254(a); see 93 Cong. Rec. at 2298 (statement of Sen. Cooper that an employee's pre-shift activity of handing out clothes in the morning would be a "principal activity" whether it took "15 or 10 minutes or five minutes or any other number of minutes."); 29 C.F.R. 790.8(b) n.63 (construing legislative history to indicate that "any amount of time" will suffice.)

interpreting the statute. 12 FR 7655, Nov. 18, 1947. One of those regulations, which remains unchanged, provides that "[i]f an employee in a chemical plant, for example, cannot perform his principal activities without putting on certain clothes, changing clothes <u>on the employer's premises</u> at the beginning and end of the workday would be an integral part of the employee's principal activity." 29 C.F.R. 790.8(c) (emphasis added). The regulation also provides that "[s]uch a situation may exist where the changing of clothes <u>on the employer's premises</u> is required by law, by rules of the employer, or by the nature of the work." 29 C.F.R. 790.8 n.65 (emphasis added). The regulation is based on a statement made by Senator Cooper during debate on the Portal Act. 29 C.F.R. 790.8 n.66.

In <u>Steiner</u>, the Supreme Court based its holding that pre- and post-shift clothes changing on an employer's premises was integral and indispensable to an employee's principal activities on this regulation and the statement by Senator Cooper. See <u>Steiner</u>, 350 U.S. at 249, 255 n.9, 258. The Court noted that the regulation was ratified by Congress in 1949 when former Section 16(c) of the FLSA was enacted, see <u>Steiner</u>, 350 U.S. at 254-55 & n.8 (quoting Section 16(c) to the effect that existing Wage-Hour regulations and interpretations were to remain in effect unless inconsistent with the amendments, 63 Stat. 920 (1949), 29 U.S.C. 208 (note)). The regulation is entitled to

5

deference. See Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944) (Administrator's FLSA interpretations "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance."); Burton v. Hillsborough County, Fla., 181 Fed. Appx. 829, 834 n.4 (11th Cir.)(unpub'd), cert. denied, 127 S. Ct. 556 (2006)(court should give "significant weight" to regulations under 29 C.F.R. Part 785 (which cross-reference the regulations at 29 C.F.R. Part 790)).

Consistent with the regulation, the Wage and Hour Division of the Employment Standards Administration, United States Department of Labor, which administers the FLSA, has promulgated a section in the Field Operations Handbook (FOH), which provides guidance to Wage and Hour investigators, on clothes changing at home. It states that "[e]mployees who dress to go to work in the morning are not working while dressing even though the uniforms they put on at home are required to be used in the plant during working hours. Similarly, any changing which takes place at home at the end of the day would not be an integral part of the employee's employment and is not working time." FOH section 31b13 (Exhibit A).

Recently, the Wage and Hour Administrator has confirmed this view in Wage and Hour Advisory Memorandum No. 2006-2 (May 31, 2006), (Exhibit B) setting out the Administrator's

6

interpretation of the Supreme Court's decision in IBP v. Alvarez, supra. The Administrator stated that "donning and doffing of required gear is within the continuous workday only when the employer or the nature of the job mandates that it take place on the employer's premises. It is our longstanding position that if employees have the option and the ability to change into the required gear at home, changing into that gear is not a principal activity, even when it takes place at the plant." The Administrator's interpretations in the FOH, Wage Hour Advisory Memorandum, and this brief also are entitled to deference.

The courts have consistently recognized the bright line drawn between the compensable changing into uniforms when the change is required to be performed on the employer's premises, and non-compensable changing at home. The United States Court of Claims, the predecessor to the Federal Circuit, determined that changing into uniforms was compensable under the Portal Act largely because changing was "so integral to the performance of the principal activity that the situs of these activities is the place of performance" and uniforms "were Government owned and could not be worn to or from the guard's home." Baylor v. United States, 1972 WL 20798, at *3 (1972). More recently the Ninth Circuit, citing to the regulation at 29 C.F.R. 790.8, observed that the donning and doffing of plant uniforms is

7

compensable because "all employees . . . must wear uniforms daily and must put them on and take them off on the plant premises, and [the employer] adopted the rule in order to improve overall business performance." Ballaris v. Wacker Siltronic Corp., 370 F.3d 901, 912 (2004); see Riggs v. United States, 21 Cl.Ct. 664, 677(1990)(donning and doffing by firefighters compensable because the uniform belonged to defendant, was critical to the work, and could not be taken off the premises); Lee v. Am-Pro Agency Inc., 860 F.Supp. 325 (E.D. Va. 1994).

On the other hand, where uniforms may, by employer rule and effective practice, be put on at home, their donning and doffing is not compensable. Such activity entails "changing clothes . . . under normal conditions" that is preliminary or postliminary activity. See Steiner, 350 U.S. at 249; 29 C.F.R. 790.7(g). After a careful review of the regulation at 29 C.F.R. 790.8, and the Administrator's Advisory Memorandum, the court in Abbe v. City of San Diego, 2007 WL 4146696 (S.D. Cal. 2007) correctly held that police officers who were able to don a bulletproof vest, gun belt, OC spray, radio, collapsible baton, handcuffs, handgun, holster, ammunition carrier and uniform at home need not be compensated for donning at home or at the station. The court reasoned that the question was not whether the gear and uniform were indispensible to the job, but whether "the nature

8

of the work requires the donning and doffing <u>process</u> to be done on the employer's premises." 2007 WL at *7 (emphasis in original). <u>But see</u> <u>Lemmon v. City of San Leandro</u>, 538 F. Supp. 2d 1200 (N.D. Cal. 2007). If the clothes changing may be done at home, any donning and doffing at work is for the employee's convenience and is not compensable. <u>Dunlop v. City Electric</u>, 527 F.2d 394, 398 (5th Cir. 1976);[2] 29 C.F.R. 790.8(c).

Similarly, the court in <u>Apperson v. Exxon Corp.</u>, 24 WH Cases 364, 370 (E.D. Cal. 1979), citing the regulation at 29 C.F.R. 785.24(c), which cross-references the regulation at 29 C.F.R. 790.8, held that where it was safe to do so, an employee who changes his work clothes at home is not entitled to be compensated for changing. The court observed that since changing at home is not compensable, an employee who chooses to change at the plant is not entitled to compensation for that activity. As the court noted, "a ruling that Exxon must compensate any technician who chooses to change clothes on the premises would mean that the compensability of this activity is to be determined, not by the nature of the work, but by the employee's decision as to which location is more convenient." 24 WH Cases at 370. Likewise, in <u>Bagrowski v. Maryland Port Authority</u>, 845 F. Supp. 1116, 1121 n.6 (D. Md. 1994), where police officers "came to work in their uniforms and nothing

---

[2] In <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9

prevented them from doing so," changing was held not an integral part of their activity. Accord Musch v. Domtar Industries, No. 07-CV-524, 2008 WL 4735171 (W.D. Wis. 2008)(changing into safety shoes, safety glasses, work clothes and hard hats that employees are permitted to put on at home is not compensable).

Consistent with her longstanding position, the Secretary in 2002 entered into a Consent Judgment with Perdue Farms Inc. that provides that Perdue will pay production line employees from the start of the employees' first principal activity to the end of the last principal activity, excluding gear that may be put on at home.[3] Thus, "principal activity" is defined in the Judgment as "any activity that is integral and indispensable to the employee's work and includes such activities as the donning,

---

[3] To the extent the court in Alford v. Perdue Farms, Inc., 2008 WL 879413, at *2 (M.D. Ga. 2008) ascribed a different rationale to the Department, distinguishing "generic" from "specialized" gear, the court was in error. As stated in the Advisory Memorandum, there is no valid distinction between the compensability of changing into "generic" and "specialized" equipment. The holding in Gorman v. Consolidated Edison Corp., 488 F.3d 586 (2d Cir. 2007), is therefore erroneous as well. Gorman holds that "[t]he donning and doffing of generic protective gear is not rendered integral by being required by the employer or by government regulation." Gorman, 488 F.3d at 594. This conclusion is flatly contradicted by the authority the court cites in support of it. See Reich v. IBP, 38 F.3d 1123, 1125 (10th Cir. 1994) ("[T]he same reasons supporting the finding of indispensability and integrality for the unique equipment (i.e., company, OSHA, and Department of Agriculture regulations requiring such items and the health, safety, and cost benefits to the company of the employees wearing the items) apply with equal force to the 'standard' equipment.") (emphasis added). This holding is also inconsistent with Alvarez, 546 U.S. at 41 n.8 (noting that the Court's analysis of pre-donning waiting time would be different if the employer "required" employees to arrive at a certain time to begin waiting). The Second Circuit also relied, in part, on its determination that the donning and doffing of "generic" protective gear was "relatively effortless." Gorman, 488 F.3d at 594. The court's emphasis on the "generic" nature of the protective gear is squarely at odds with the Supreme Court's decisions in Alvarez and Steiner. In Alvarez, the Supreme Court referred approvingly to the Ninth Circuit's view that whether gear is "unique" or "non-unique" is irrelevant in determining whether donning and doffing the gear qualifies as a principal activity. See Alvarez, 546 U.S. at 30, 32; see also Wage and Hour Advisory Mem. No. 2006-2, at 3. This position is consistent with Steiner's holding that donning and doffing old, clean work clothes, which would qualify as "non-unique" gear, was integral and indispensable to the employees' principal activities. 350 U.S. at 256. Likewise, and contrary to Gorman's holding, 488 F.3d at 594, the amount of effort involved in donning and doffing clothing does not render such activity non-compensable under the Portal Act if it would otherwise qualify as integral and indispensable under Steiner and the relevant regulations. See Alvarez v. IBP Inc., 339 F.3d 894, 903 (9th Cir. 2003) affd. IBP Inc. v. Alvarez, 546 U.S. 21 (2005)("[E]ase of donning and ubiquity of use do not make the donning of such equipment any less 'integral and indispensable' as that term is defined in Steiner.").

doffing, and sanitizing of any clothing or equipment (<u>excluding such items that the employee is free to put on at home, such as hair nets, bump caps, ear plugs, glasses and footwear</u>) which is required by law, the employer, or the nature of the work . . .." Exhibit C at 1,2,4 (emphasis added).

<u>CONCLUSION</u>

For the foregoing reasons, this Court should grant the Defendant's Motion for Partial Summary Judgment.

Respectfully submitted,

GREGORY F. JACOB
Solicitor of Labor

STEVEN J. MANDEL
Associate Solicitor

*Paul L Frieder for Jonathan M. Kronheim*

JONATHAN M. KRONHEIM
Counsel for Trial Litigation
U.S. Department of Labor
Office of the Solicitor
200 Constitution Ave., N.W.
Suite N-2716
Washington, D.C. 20210
Telephone: (202) 693-5555
Fax: (202) 693-5689

CERTIFICATE OF SERVICE

This is to certify that on this 4th, day of December, 2008, copies of this Brief for the Secretary of Labor as Amicus Curiae were sent, via regular mail, to:

Samuel Alex Cherry, Jr.
Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C.
PO Box 927
Dothan, AL  36302

Bernard Dobbie Nomberg
Robert Joseph Camp
The Cochran Firm
505 North 20th Street
Suite 825
Birmingham, AL  35203

Joeph Allen Schreiber
Schreiber & Petro, PC
301 19th Street, Ste 580
Birmingham, AL  35203

Lance Harrison Swanner
The Cochran Firm, PC
PO Box 927
163 West Main Street
Dothan, AL  36301

Sandra Beth Reiss
Ogletree, Deakins, Nash, Smoak & Stewart, PC
1819 5th Avenue North
Suite 1000
Birmingham, AL  35203

Richard Bernard Celler
7450 Griffin Road, Suite 230
Davie, FL  33314

Lexer I. Quamie
Brian Z. Liss
James J. Kelley
Morgan and Morgan
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue NW
Washington, DC  20004

*/s/ Paul L. Frieden*
PAUL L. FRIEDEN
Counsel for Appellate Litigation
U.S. Department of Labor
Office of the Solicitor
200 Constitution Ave., NW
Suite N-2716
Washington, D.C.  20210
Telephone:  (202) 693-5555
Fax:    (202) 693-5689