# EXHIBIT C

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NORTHEASTERN DIVISION

RECEIVED
IN CLERK'S OFFICE

MAY 0 9 2002

U.S. DISTRICT COURT
MID. DIST. TENN.

ELAINE L. CHAO, Secretary
of Labor, United States
Department of Labor,

        Plaintiff

    v.

PERDUE FARMS INCORPORATED,

        Defendant

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION

FILE NO. 2 - 0 2 - 0 0 3 3

JUDGE HAYNES

## CONSENT JUDGEMENT

This cause came on for consideration upon Plaintiff's motion and Defendant, without admitting any violation of law, consents to the entry of this Judgment, without further contest. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, _et seq._, hereinafter referred to as the Act, in any of the following manners:

A. 1. Defendant shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any of its employees in any workweek who are engaged in commerce or in the

This document was entered on
the docket in compliance with
Rule 58 and / or Rule 79 (a).

FRCP, on 5-13-02 By ___

production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

2.    Each hourly paid processing employee who works on the production line during a production shift will be paid for all hours worked from the start of his or her first principal activity of the work day until the end of the last principal activity of his or her work day, with the exception of any time taken for bona fide meal breaks or bona fide off-duty time.

3.    A principal activity is any activity that is integral and indispensable to the employee's work and includes such activities as the donning, doffing, and sanitizing of any clothing or equipment (excluding such items that the employee is free to put on at home, such as hair nets, bump caps, ear plugs, glasses and footwear) which is required by law, the employer, or the nature of the work, and not merely a convenience to the employee and not directly related to the specific work.

This Section A shall become fully effective within one year of the entry of this Judgment. During this one-year interim period, Defendant shall bring an additional 25% of its plants into compliance with Section A at the end of each 90-day period elapsing from the date of this Judgment.  During the interim period, Defendant shall pay each employee employed on the

production line during a production shift at any plant that does not meet the requirements of this Section A, an additional 8 minutes of compensation for each day worked. An overtime premium will be added to this amount where appropriate.

B.   Defendant shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records of the wages and hours of each employee. Such records will accurately capture all hours worked by each employee as prescribed by Regulation found at 29 C.F.R. Part 516.

C.   Defendant agrees to use its best efforts to maintain future compliance with the Fair Labor Standards Act, as amended. Should a federal court of appeals after the date of this decree render a final, published and precedential opinion in a poultry processing case brought by the Secretary of Labor under the FLSA involving donning and doffing practices which are not materially distinguishable from Defendant's practices at facilities within that circuit, then Defendant, in any such facilities within that circuit, shall be entitled to act consistent with that circuit court's decision until it is reversed, overruled or otherwise nullified. The Plaintiff reserves the right to monitor Defendant's future compliance with the Act and this Consent Judgment through its compliance program and authority. Should the Plaintiff detect any non-compliance, the Plaintiff agrees to provide notice of such non-compliance to the Defendant and an

opportunity to correct any deficiency prior to taking any enforcement action.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendant hereby is restrained from withholding payment of back wages to each hourly paid processing employee working on a production line during a production shift in the two-year period prior to the date of the filing of the Complaint in this action, for whom the Secretary has sought relief in Paragraph VIII.2 of the Complaint. The amount paid to each current or former employee will be equal to the amount owed to each employee for working 8 minutes per day, based upon the regular rate paid on the date of the work, in addition to the amount already paid by Defendant for each day worked. Such payments will include an overtime premium as described in section A above, where applicable.

To comply with this provision of this Judgment, Defendant shall, within 120 days from the date of this Judgment, deliver to Plaintiff's representatives the schedule of current or former employees described below. Within 180 days from the date of this Judgment, Defendant shall deliver checks to all employees who have been located. Within 12 months from the date of the Judgment, Defendant shall complete its efforts to locate employees and distribute back wages, provide Plaintiff a list of all unlocated employees and deliver to Plaintiff a check in the net amount due all unlocated employees. Defendants will distribute such amounts to the named employees or to their

personal representatives, less all legally mandated deductions, including income tax and the employee's share of F.I.C.A. Defendant shall endeavor to locate current and former employees and distribute back wages as expeditiously as possible.

Plaintiff will have the right to review and verify Defendant's calculations to determine compliance with this Agreement. This review may include reasonable on site review of payroll records and interviews as appropriate.

Within 30 days of making such payments, Defendant will provide Plaintiff proof of such payment in the form of Forms WH-58 signed by each individual to whom said amounts have been paid.

For any individuals to whom Defendant is unable, after a diligent search, to deliver the payments set out above within the time required herein, Defendant shall deliver to the United States Department of Labor, Wage and Hour Division, 60 Forsyth Street, S.W., Room 7M40, Atlanta, Georgia 30303, a certified or cashier's check or money order made payable to the "Wage and Hour Division--Labor," for the net amount due after appropriate deductions for income tax and the employee's share of F.I.C.A. In the event of default by Defendant in making such payment, post-judgment interest shall be assessed on any unpaid amount at the rate established pursuant to 28 U.S.C. §1961.

Defendant shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. Defendant also shall provide Plaintiff's attorneys

with a schedule showing its employer I.D. number and a schedule showing the employment dates, plant at which employed, last-known address, social security number, gross back wage amount, deductions, and net amount as to each employee.

Plaintiff shall distribute back wages to the named employees who could not be located by Defendant, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited with this Court, pursuant to 28 U.S.C. § 2041.

Neither Defendant nor anyone on its behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.  Nor shall they retaliate against any employee for any action taken by any employee in connection with the investigation or settlement of this cause, or for asserting any rights under this Judgment. Defendant will not raise an employee's immigration status as a defense to the payment of back wages in any suit alleging such retaliation.

FURTHER ORDERED each party shall bear its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

This ___10th___ day of _____May_____, 2002.

_____
UNITED STATES DISTRICT JUDGE

Defendant consents to entry
of the foregoing Judgment:

By: _____

JACOB J. MODLA
Haynsworth Baldwin Johnson
  & Greaves, LLC
400 West Trade Street
Charlotte, N.C. 28202-1627
(704) 342-2588
(704) 342-4379 (FAX)

Attorneys for Defendant

Plaintiff moves entry of
the foregoing Judgment:

EUGENE SCALIA
Solicitor of Labor

JAYLYNN K. FORTNEY
Regional Solicitor

THERESA BALL
Associate Regional Solicitor

_____
BRIAN DOUGHERTY
Attorney

Office of the Solicitor
U.S. Department of Labor

2002 Richard Jones Road
Suite B-201
Nashville, TN 37215
Tel: 615/781-5330 Ext. 237
Fax #615/781-5321
Attorneys for Plaintiff